JOHN D. PRALL *against* THE MUTUAL PROTECTION LIFE
ASSURANCE SOCIETY.

Mere possession by the assignee of the assured of a life policy, which recites on
its face that it is to take effect only when countersigned by A. B., and which is
not so countersigned, is no evidence that the policy was ever delivered to the
assured.

In such case, the fact that A. B. is described as the "general agent at ———"
(the name of the place being left blank), does not show that the company in
tended to waive the countersigning, or intended that the policy should take
effect without it.

APPEAL by plaintiff from a judgment of this court dismiss-
ing the complaint, entered by direction of the court at trial term.

The action was brought by the plaintiff as assignee of Wes-
ley E. Shader, on a life insurance policy on Shader's life.

The defense (among other things) was that the policy had
never been delivered to Shader, and that the consideration for
the issuing of the policy had never been paid.

On the trial the plaintiff produced in court a policy on Sha-
der's life, duly executed by the defendant, which recited that it
was made in consideration of $12 56, "duly paid by Wesley E.
Shader." It was also recited in the body of the policy, that it
was issued and accepted "upon the express conditions and
agreements contained upon the back hereof." One of these
conditions was that the policy, although delivered, should not
take effect or be in force until the first premium was actually
paid, and that no officer or agent of the society had power or
authority to deliver the policy until such actual payment, nor to
waive the actual payment of the premium on the delivery of the
policy.

It was also recited in the body of the policy that it was to
take effect "only when countersigned by B. G. Bloss, general
agent at ———." The policy was not countersigned by B. G.
Bloss, and on that ground the defendant objected to its being
received in evidence. The objection was sustained, and plaintiff

excepted. Various other evidence was then offered to show that the premium on the policy had been paid, and the policy assigned to the plaintiff, and at the close of the evidence the court ruled that no payment of the premium and no contract by the company had been shown, and dismissed the complaint.

Plaintiff appealed to this court.

*Abram Wakeman*, for appellant.

*Robert Sewell*, for respondent.

DALY, Chief Justice.—The possession of the policy by the assured affords, in the absence of anything to the contrary, a presumption that it was delivered as evidence of a concluded contract. But the plaintiff was met by the difficulty in this case, that the last clause in the instrument produced by him, declared that "the policy was to take effect only when counter-signed by B. G. Bloss, general agent at ————," the place being left blank, and there can be no presumption of a concluded contract from the possession, where the instrument has not been countersigned in the manner provided for. This condition may, of course, be waived, and if it had been shown that the premium had been received and the policy delivered by the company, without having this indorsement put upon it, it would be regarded as waived (*Sheldon* v. *Atlantic Mutual Ins. Co.* (26 N. Y. 460). No such presumption, however, arises merely from the fact that the assured has possession of the policy, for the reservation made in respect to this last act, the countersigning, may be, on the part of the company, to protect themselves from the effect of the policy getting in the possession of the assured without the payment of the premium. It is insisted that it must be presumed in this case to have been waived, because the blank is not filled up with the name of the place where B. G. Bloss was the general agent of the company. But this omission is not sufficient to warrant such a presumption. Proof of the payment of the premium would suffice; but not only was no such proof offered on the part of the plaintiff, but the plaintiff, who sues as the assignee of Shader, the assured, testified that

after receiving an intimation that Shader had been shot, he went to the office of the company to pay the second quarterly premium, and was then informed by Bloss, the general agent, that the first one had not been paid, and that he told Bloss that he would pay it, but does not testify that he did so. In his complaint the plaintiff avers that the premium, which was the consideration of the contract, had been paid, which the defendants in their answer deny. All that the plaintiff relied upon as proof of the payment of the premium was the possession of the policy and the acknowledgment in it that the consideration had been duly paid. But as the policy was not to take effect until it was countersigned, no effect could be given to acknowledgments contained in an instrument not yet complete. The policy, moreover, contained a further condition that it should not take effect, even if delivered, or be in force, until the premium was actually paid; coupled with the declaration, that no officer or agent of the company had power or authority to deliver the policy until such actual payment. Under these circumstances the possession of a policy that had not been countersigned according to its conditions created no presumption at all either as to the payment of the premium or as to its having gone into effect as a contract. There was other evidence tending to show that the premium had never been paid; but not a particle of evidence, except the possession, to establish that it had been.

The plaintiff offered to show that Shader was appointed general agent of the company on the 20th of December, 1870, which was previous to the date of the policy, which evidence, under the defendant's objection, was excluded. If the plaintiff had followed this up by showing, or offering to show, that at or about the time of the date of the policy, which was the 3d of January, 1871, fourteen days after the alleged appointment of Shader to the office of general agent, that anything was then due, or was accruing to him from the company for services rendered, it might have been sufficient to warrant a submission to the jury of the question whether the policy was not delivered to him with the understanding that the amount of the premium would be charged against him and deducted from what might thereafter be coming to him for services rendered, which might

be regarded as equivalent to a payment, as well as a delivery, waiving the formality of the countersigning of the policy. But nothing of this kind was offered to be shown, but the plaintiff rested his whole case simply upon the possession of an instrument which, upon its face, declared that it was not to go into effect until it was signed by a certain officer, who never signed it; which, in my opinion, was not sufficient to entitle the plaintiff to recover. The judgment should, therefore, be affirmed.

ROBINSON and LARREMORE, JJ., concurred.

Judgment affirmed.