## ÆTNA INS. CO. v. WILLYS-OVERLAND, Inc.

(District Court, N. D. Ohio, E. D. November 16, 1922.)

No. 10886.

1. **Insurance ☞124—Certificates issued under open marine policy held independent contracts between insurer and holder.**

An open marine policy authorizing the insured to issue certificates thereunder covering specific property, to be countersigned by insurer's agent, *held* to constitute insured an agent for that purpose, and such a certificate, when issued, *held* an independent contract between insurer and the certificate holder.

2. **Insurance ☞311(1)—Certificates issued under open marine policy held not subject to defense for breach of contract by holder of policy.**

Certificates issued by insured under an open marine policy in accordance with authority therein given, in favor of the consignees of goods shipped, *held* not subject to defense because the holder of the open policy did not comply with a requirement of the contract that it notify the insurer of the name of the vessel on which the shipments were made, which was not shown by the certificates because not known when they were issued.

3. **Insurance ☞83(1)—For failure of insured, acting as insurer's agent under open marine policy, to notify insured of name of vessel carrying insured goods, insurer could recover damages.**

Where open marine policy authorized insured to issue certificates thereunder covering specific property, insured being obligated to send to insurer copies of certificates issued, showing the name of the vessel, and, if the vessel's name was then unknown, to thereafter inform the insurer thereof as soon as known, *held* that, where merchandise of value of $96,700, insured by certificate issued by insured not stating the name of the vessel, was lost at sea, and insured, although knowing the name of the carrying vessel when it sailed, failed to notify insurer thereof until a date when the vessel was overdue, and it was impossible to obtain reinsurance, as was insurer's custom as to sums above a certain amount, and

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

insurer paid the certificate holder for the loss, insurer could recover from insured the damages from insurer's failure to obtain reinsurance.

At Law. Action by the Ætna Insurance Company against Willys-Overland, Inc. On demurrer to petition. Overruled.

The plaintiff is an insurance company writing marine insurance, which issued to the defendant its open policy of marine insurance, wherein it agreed to insure the defendant "on account of whom it may concern" in case of loss to be paid to assured or order. By the terms of the policy of insurance, it was to cover all automobiles and other merchandise shipped by the defendant which were their own goods or those of others in which they might be interested and goods sold on c. i. f. terms, and merchandise shipped for account of others which the defendant might agree or receive instructions to insure.

The policy also provided that the defendant had authority to issue certificates of insurance in the name of the plaintiff, which upon being issued would bind and obligate the plaintiff to pay the full amount mentioned in said certificate, upon the loss of the property insured therein under the perils insured against. The policy provided that the defendant should send to the plaintiff copies of all certificates issued. The petition alleges that under the custom of marine insurance, the name of the vessel was one of the items of information which should be given on the certificates of insurance issued, but that if, at the time of the issuance of the certificates, the name of the vessel was unknown, then that the custom of marine insurance required that the holder of the open policy should make an independent declaration of the name of the vessel to the underwriter as soon as he knew the name of the vessel.

The defendant, by virtue of the authority given in the open policy, issued a number of certificates of insurance in varying amounts, none of which contained the name of the vessel upon which the merchandise was to be transported. Upon arrival of the merchandise at Seattle, the port of loading on the ocean carrier, merchandise to the value of $96,700 was laden on board the steamship Gishun Maru, which sailed in due course and was thereafter lost by a peril of the sea. The petition alleges that the defendant knew at the time that the vessel sailed that the said automobiles were laden on that vessel, but that the defendant did not notify the plaintiff of the name of the vessel in which the merchandise was being transported, although such information was frequently demanded before the loss occurred.

The petition alleges that thereafter the consignees of the automobiles lost on the Gishun Maru filed proof of loss with the plaintiff for the loss of the automobiles covered by the certificates of insurance which had come into the hands of the said consignees, and that on various dates the plaintiff paid to the said consignees the sum of $96,700.

The petition alleges that it is customary for marine underwriters to reinsure themselves with respect to risks exceeding certain specified amounts on any one steamer, and that under the practice of the plaintiff, upon a vessel of the class of the Gishun Maru, it would retain for itself $10,000; that $40,000 more would be covered under certain reinsurance treaties in existence between the plaintiff and a certain reinsurance company; and that any amount above $50,000 the plaintiff would have reinsured with other marine underwriters.

The petition alleges that the defendant did not notify the plaintiff of the name of the vessel on which the automobiles had been laden until a date after the vessel was overdue and when it was impossible to obtain reinsurance. The plaintiff asked damages for the amount of the losses which it was obliged to pay through the loss of the Gishun Maru above the sum of $50,000, which the plaintiff itself and the company reinsuring by treaty would have paid even if the name of the vessel had been known.

The defendant demurred to the petition on the ground that the petition does not state facts which show a cause of action. The basis of the defendant's demurrer is that the holders of the certificates of insurance can have

no greater rights than the defendant; that any cause of complaint which the plaintiff might have against the defendant should have been set up as a defense against the claims for the payment of total losses under the certificates of insurance advanced by the consignees; that the payment by the plaintiff to the holders of the certificates of insurance was a voluntary payment and waived any breach of the contract contained in the policy of marine insurance, and as the payment was voluntary, there is no damage arising from the allegations set up in the petition.

Dustin, McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, Henry N. Longley, and Bigham, Englar & Jones, all of New York City, for plaintiff.

John A. Cline, of Cleveland, Ohio, and Tolles, Hogsett, Ginn & Morley, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge (after stating the facts as above). This cause has been heard and submitted on a general demurrer to each of the two causes of action stated in the amended petition. After submission, the parties, at the suggestion of the court, filed a stipulation that the open policy of marine insurance and the certificates of reinsurance issued by the defendant might for the purposes of this demurrer be considered as a part of the amended petition as fully as if all the pertinent provisions thereof had been properly pleaded in the amended petition. True copies of the documents referred to are attached to the stipulation.

Later I communicated to counsel, in chambers, quite fully my views respecting the ultimate question of law and fact arising upon the demurrer, and accorded them an opportunity to restudy these questions and to submit further briefs. This has been done. These conferences dispense with the necessity of any statement of the facts or any extended statement of the reasons upon which my conclusion is based. It will be sufficient to state my conclusion briefly, and so much only of my reasoning as will inform counsel of the grounds upon which I have based my conclusions. One question only of law has been argued, and it resolves itself finally into a question of fact. That question is the right of a holder of one of the certificates of insurance. The holder's rights depend upon the extent to which the terms and conditions of the original insurance policy are to be regarded as a part of or control and limit the terms and conditions of the insurance certificate.

[1] These insurance certificates are issued by the defendant and countersigned by plaintiff's representative, under authority of the provisions contained in paragraphs 19 and 20 of the original policy. When properly issued pursuant to that authority, they become, in my opinion, an original and independent contract between the plaintiff and a holder thereof. Neither the form nor the specific terms of the certificates is set forth in the insurance policy. The form of the certificates, it may be assumed, was prepared by the insurance company and, according to the usual rule, is to be construed most strongly against it. The certificate provides methods of adjustment, notice and proof of loss, place and manner of payment, different from and independent of the terms of the original policy pertaining to the

same subject-matter. It is not necessary to hold that none of the terms and conditions of the original policy is incorporated in the certificate and may not be looked to in order to ascertain the entire contract between the insurance company and a certificate holder. It may be conceded that the certificate and the insurance policy are to be taken together in order to ascertain the entire contract between insurance company and the certificate holder. It is none the less true, however, that a certificate issued and countersigned pursuant to the authority conferred by said paragraphs 19 and 20 becomes a new and independent contract between the insurance company and the certificate holder, and a new contract is thereby engendered which controls the rights as between them. The certificate holder does not become an assignee of the original policy of insurance nor a mere appointee under that policy to collect the insurance in case of loss. He is not a person claiming title through the defendant as the original insured under the original policy. His contract is none the less an independent one with the insurance company, although it may be necessary to examine both the certificate and the original policy in order to ascertain the terms of that independent contract.

[2, 3] In this case, plaintiff contends that a certificate holder can recover against the insurance company after loss, notwithstanding the original insured, the Willys-Overland, Inc., had been guilty of a breach of duty imposed on it by the terms of the original policy, and that, this being so, a payment made to the certificate holder of a loss covered by the certificate is not a voluntary payment, and that such a payment is not a waiver of the defenses the insurance company might have to an action brought by the insured on a loss accruing to it. Defendant, on the other hand, contends that the breaches of duty or of the terms of the original insurance policy complained of in the amended petition were available to the insurance company equally as a defense against a loss asserted by a certificate holder, and hence that payment of the loss by the insurance company to the certificate holder was a voluntary payment, or at most a payment made under a mistake of law, and hence cannot be recovered back. This, as I understand the situation, is the exact point in dispute.

My conclusion is in accordance with plaintiff's contention. The duty imposed upon the insured under the original policy, the Willys-Overland, Inc., by the provisions of paragraph 19, is imposed upon and is a part of the authority conferred to issue certificates of insurance. The authority thus conferred is in the nature of an agency duty rather than a condition precedent or a subsequent warranty imposed upon the insured. It may be conceded that if the Willys-Overland, Inc., had exceeded the authority conferred by paragraph 19, or had issued a certificate in violation thereof, the holder of that certificate would be bound to take notice of the limitations imposed by the policy on that authority. The certificate holder might properly be regarded as dealing with an agent with limited power and required to inquire as to the limits of that power. It does not follow, however, that the holder of a certificate properly issued in conformity to that power is to be held responsible for a failure to perform some

duty imposed in connection with the exercise of that power and authority, particularly when that duty relates to some act to be performed after the certificate is issued, and in its nature essentially an act pertaining to an agent's duty to his principal. If it be true, as alleged, that the custom and method of business between the insurance company and the insured was to give the name of the ship, it does not follow that the failure so to do can be regarded as a breach of duty by the certificate holder, nor as a breach of warranty contained in the contract between the insurance company and the certificate holder. The contrary seems to me to be the case.

Otherwise stated, I am of opinion that the true intent of the parties to the original insurance policy was that the insurance company constituted the insured, the Willys-Overland, Inc., its agent, with power to issue certificates of insurance; that it authorized the insured so to do within certain limits subject to the same being countersigned by its designated representative; that the certificate, when thus issued and countersigned, became an original and independent contract between the insurance company and the holder thereof; and that the certificate does not expressly or by necessary implication incorporate a condition or warranty on which defendant relies, but is, on the other hand, to be regarded as so far complete in its terms that a holder's rights to recover do not depend on the performance by the insured, the Willys-Overland, Inc., of other duties imposed by paragraph 19 and the custom pleaded in the matter of forwarding certain notices and conveying certain information to the insurance company, particularly the custom requiring the name or names of ships to be furnished within a certain time. The failure of the insured so to do is not the failure of the certificate holder. The duty so to do was imposed upon the original insured and not upon the certificate holder. The latter's right of action in the event of a loss is not dependent upon the performance by the original insured of that duty.

Counsel have produced no authority dealing with this exact situation. The cases cited most nearly analogous are those arising under a uniform mortgage clause, or other similar clauses used to define the mortgagee's interest and rights under a policy issued to the mortgagor. For cases arising under the uniform mortgage clause, see Hastings v. Westchester, 73 N. Y. 141; Insurance Co. v. Bohn (8 C. C. A.) 65 Fed. 165, 12 C. C. A. 531, 27 L. R. A. 614. For cases arising under another form of clause more nearly like the certificate now involved, see Welch v. British American Assur. Co., 148 Cal. 223, 82 Pac. 964, 113 Am. St. Rep. 223, 7 Ann. Cas. 396; Christenson v. Insurance Co., 117 Iowa, 77, 90 N. W. 495, 94 Am. St. Rep. 286; Insurance Co. v. Building Ass'n, 175 Ill. 115, 51 N. E. 717; Insurance Co. v. Bank, 47 Neb. 717, 66 N. W. 646, 36 L. R. A. 673, 58 Am. St. Rep. 663; Boyd v. Insurance Co., 25 Wash. 447, 65 Pac. 785, 55 L. R. A. 165; note 18 L. R. A. (N. S.) 197. Ohio is in accord with this last line of cases. See Bank v. Insurance Co., 83 Ohio St. 309, 336, 94 N. E. 834. The reasoning of this last line of cases permitting a mortgagee to recover notwithstanding violations by the insured mortgagor of covenants of the insurance policy apply in prin-

ciple to the present situation. Indeed, it seems to me that much stronger reasons exist, requiring a like conclusion in the present situation.

The demurrer is overruled. An exception may be noted.