Henry D. Brandyce et al., Copartners under the Firm Name of H. D. Brandyce & Company, Respondents, v. Globe and Rutgers Fire Insurance Company, Appellant.

(Argued October 7, 1929; decided November 19, 1929.)

*Arthur W. Clement* and *Henry J. Bogatko* for appellant. Plaintiffs' action is barred because the action was not brought within one year of the happening of the loss as

required by the policy. (*Hanna* v. *Commercial Travelers Mutual Acc. Assn.*, 204 App. Div. 258; *Gallin* v. *Allemannia Fire Insurance Co.*, 184 App. Div. 876; 230 N. Y. 547; *Riddlesbarger* v. *Hartford Ins. Co.*, 7 Wall. 386; *M. K. T. Ry.* v. *Harriman*, 227 U. S. 657; *Lehigh Valley R. R. Co.* v. *Providence Washington Ins. Co.*, 172 Fed. Rep. 364.) Respondents are in error in asserting that the insurance certificates alone constitute contracts under which they can recover in this action. (*London Assurance* v. *Companhia de Moogens*, 167 U. S. 149; *Bates* v. *Weir*, 121 App. Div. 275; *Georgia, etc., Ry.* v. *Blish*, 241 U. S. 190.)

*Wharton Poor* for respondents. Assuming that the open policy formed a part of the contract, there is nothing therein contained to defeat the plaintiffs' claim. (*Phœnix Ins. Co.* v. *De Monchy*, 45 T. L. R. 543; *Queens Ins. Co.* v. *Globe & Rutgers Ins. Co.*, 263 U. S. 487; *New York, etc., S. S. Co.* v. *Automobile Ins. Co.*, 32 Fed. Rep. [2d] 310; *Jackson* v. *St. Paul Ins. Co.*, 99 N. Y. 124; *Cunard S. S. Co.* v. *Marten*, [1902] 2 K. B. 624; *Union Ins. Co.* v. *Skipper*, 115 Fed. Rep. 69; *Smith* v. *Glens Falls Ins. Co.*, 62 N. Y. 85; *Attleboro Mfg. Co.* v. *Frankfort Ins. Co.*, 240 Fed. Rep. 573; *Silverstein* v. *Commercial Insurance Co.*, 237 N. Y. 391; *Brink* v. *Hanover Ins. Co.*, 80 N. Y. 108; *Littlejohn* v. *Shaw*, 159 N. Y. 188; *Oakland* v. *Wolf*, 118 Fed. Rep. 239; *Brandyce & Co.* v. *United States Lloyds*, 239 N. Y. 573.)

HUBBS, J. On February 19, 1920, the defendant insurance company insured the plaintiff in the sum of $6,600 against loss or damage on 1,420 barrels of potatoes on a voyage from New York to Caibarien, Cuba. The potatoes left New York on February 24th on the steamship *Corsicana*. A loss occurred and on October 22d, 1920, a claim was made against the defendant for $6,467.37 on account of such loss. On November 19th, 1920, the defendant, in a letter, denied liability. The application for the insurance was made by the plaintiffs' brokers, who had been engaged as marine insurance brokers for

years. The insurance was effected under an open marine insurance policy which provides that the insurance is against perils of the sea " and all other like perils, losses, and misfortunes that have or shall come to the hurt, detriment, or damage " of the property insured. The open marine policy, in accordance with the practice prevailing among marine insurance companies, was retained in the defendant's office. Upon receiving the application it issued and delivered three marine insurance certificates which referred to the policy and recited that the defendant had, on February 19th, 1920, insured for H. D. Brandyce & Co., or as agents, the sum of $6,600 on 1,420 barrels of potatoes " Subject to the conditions of the policy and contract of insurance." The policy retained by the defendant contains a provision which reads as follows: " IT IS AGREED that no suit or action for the recovery of any claim arising under this policy shall be maintainable in any court, unless such suit or action shall have been commenced within one year from the date of the happening of the loss out of which the said claim arose; PROVIDED, HOWEVER, that if, by the laws of the State within which this policy is issued, such limitation is invalid, then any such claim shall be void unless action is commenced within the shortest limit of time permitted by the laws of such State to be fixed herein." The parties to a contract of insurance may provide for a shorter limitation of actions than that provided in the general Statute of Limitations. (Civ. Prac. Act, § 10; *Hanna* v. *Commercial Travelers Mutual Accident Assn.*, 236 N. Y. 571.) This action was not commenced until November 28th, 1924, over four years after the loss occurred.

The action is based upon the insurance certificates, and the plaintiff contends that they alone constitute the contract between the parties without regard to the terms and conditions of the open policy, and as the certificates do not contain any limitation as to the time within

which suit must be commenced, none exists except the general statute applicable. The position of the insurance company is that the policy is the contract between the parties and that all its terms and provisions are binding upon the plaintiff, and, as it provides that an action must be commenced within a year after the loss, there can be no recovery in this action. The certificates do not purport to be insurance policies or to state all the conditions of the policy, but read: " Subject to the conditions of the policy and contract of insurance." One of the conditions of the policy, heretofore quoted, provides that an action to recover for a loss must be commenced within one year from the date of the loss. The certificates do not state whether the policy is an open policy or a valued policy. They are simply what they purport to be, certificates issued by the insurance company to the effect that it has issued a policy and that they are subject to its conditions. They do not specify the risk insured against. Without such a provision they could not constitute complete contracts of insurance. (*DeGrove* v. *Metropolitan Ins. Co.*, 61 N. Y. 594 at 602.) The complaint alleges: " In and by said certificates, defendant agreed to and did insure the plaintiffs against losses due to perils of the seas, or other like perils, losses and misfortunes, that might come to the hurt, detriment or damage of 1420 barrels of potatoes." The certificates do not contain any such language or any words from which such obligation could be inferred. That is, however, substantially the language of the policy, to which reference must be had to ascertain the coverage.

In a case where a binder has been issued and a loss has occurred before a policy was issued, recovery has been permitted. In such a case the court has read into the binder the terms of a standard policy, or the policy used by the insurance company. (*Sherri* v. *National Surety Co.*, 243 N. Y. 266.) There is no standard marine insurance policy and the only evidence in regard to policies used

by the defendant company discloses that those policies contain the one-year limitation clause.

The question here presented was before the United States District Court for the Southern District of New York in the case of *New York & Oriental S. S. Co., Inc.,* v. *Automobile Ins. Co.* (32 Fed. Rep. [2d] 310), and it was held " that the certificate in itself was not a complete contract, and that it would be impossible by considering its terms alone to spell out a complete meeting of the minds of the parties; " also, that the policy " was a part of the contract between the parties, and that every clause in it must be given effect, including the time limitation." The same conclusion was reached in *Conner* v. *Manchester Assurance Co.* (130 Fed. Rep. 743); *Underwriters' Agency* v. *Sutherlin* (46 Ga. 652), and in *Delaware State F. & M. Ins. Co.* v. *Shaw* (54 Md. 546). (See, also, *DeGrove* v. *Metropolitan Ins. Co., supra.*)

In *Ætna Ins. Co.* v. *Willys-Overland, Inc.* (288 Fed. Rep. 912) it was held that an action could be maintained on the certificate there involved, issued under an open marine insurance policy. In that case the certificate was issued by the insured under the policy as agent of the insurance company to a vendee of the insured. The insured failed to notify the insurance company of the name of the ship upon which the insured goods were shipped. That was held to be a default by the insurance company's agent. The court recognized that the " certificate and the insurance policy are to be taken together in order to ascertain the entire contract between insurance company and the certificate holder." In that case the certificate itself provided methods of adjustment, proof of loss and manner of payment. The case is not in conflict with the conclusion which we have reached.

The plaintiff relies very much on the case of *Phœnix Ins. Co.* v. *DeMonchy* (45 Times L. R. 543, decided by the House of Lords). There the plaintiff was permitted to recover upon a certificate. The certificate contained a

statement that it covered *loss due to leakage*. The loss suffered was due to leakage. That certificate also contained the following provision: " This Certificate represents and takes the place of the Policy and conveys all the rights of the Original Policy Holder (for the purpose of collecting any loss or claims) as fully as if the property was covered by a Special Policy, direct to the Holder of this Certificate, and free from any liability for unpaid premiums." The certificates in the case at bar do not specifically insure against the loss suffered and the risk relied upon is not set forth in the certificates. They do not contain the above-quoted provision. They simply certify that the goods were insured under the policy and subject to its conditions. From a reading of the certificates it would be impossible to determine what risks the policy insured against. It is necessary to read the policy in conjunction with the certificates in order to ascertain the rights and obligations of the parties. That distinction was clearly recognized in the *DeMonchy* case by Mr. Justice RUSSELL when it was in the Court of Appeal (44 Times L. R. 364).

Plaintiffs when they accepted the certificates took them subject to the conditions stated in the policy and are bound by them.

Various questions have been argued upon this appeal, but, as we have reached the conclusion that the action cannot be maintained because of failure to bring it within the time limited by the policy, we do not deem it necessary to discuss those questions.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.