HARRY MATELSKY, Respondent, *v.* GLOBE INDEMNITY COMPANY, Appellant.*

Supreme Court, Appellate Term, First Department, February 6, 1937.

*Ireland & Cohen [William A. Sweeney* of counsel], for the appellant.

*Joseph B. Finkelstein,* for the respondent.

CALLAHAN, J.  Plaintiff on June 21, 1932, obtained a judgment against Camp Nit Gedaiget for injuries claimed to have resulted from the camp's negligence.  He did not, however, issue execution thereon until March 14, 1935.  The execution was returned unsatisfied on March 16, 1935, and on the same day the plaintiff commenced the present action against the defendant which had written a policy of liability insurance in favor of the camp.

Section 109 of the Insurance Law, as it existed in 1935, provided that no policy of liability insurance shall be issued in this State

* Revg. 161 Misc. 163.

unless it contains a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from paying damages and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person because of such insolvency or bankruptcy, an action may be maintained by the injured person against the insurance company under the terms of the policy. The present suit is brought pursuant to that statute.

The policy herein contained a provision to the effect that no action would lie against the company for any loss thereunder unless same was brought within two years after judgment against the assured was entered. The court below held that such limitation did not bind plaintiff but that this action was controlled solely by the six-year limitation contained in subdivision 2 of section 48 of the Civil Practice Act, it being an action to recover upon liability created by statute. We do not agree with that view.

In *Coleman* v. *New Amsterdam Casualty Co.* (247 N. Y. 271, at p. 275) the Court of Appeals said: " The argument is made that the effect of section 109 of the Insurance Law is to create an original obligation in favor of the injured claimant for the amount of any judgment recovered against the holder of the policy without reference to any breach of condition as between insurer and assured. We see no basis for such a ruling [citing cases]. By express provision of the statute, the action is to be ' maintained by the injured person * * * against such corporation under the terms of the policy.' * * * The effect of the statute is to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been satisfied. The cause of action is no less but also it is no greater. Assured and claimant must abide by the conditions of the contract."

The case cited accordingly held that the breach of a condition contained in the policy requiring the assured to co-operate in his defense would be available as against an injured third party.

We see no reason why the limitation of two years after entry of judgment expressed in the policy may not be availed of by the defendant herein. As between assured and defendant the two-year limitation was binding. (Civ. Prac. Act, § 10; *Brandyce* v. *Globe & Rutgers Fire Ins. Co.*, 252 N. Y. 69.) The limitation is not unreasonable nor can it be said to restrict any of the rights conferred upon plaintiff by the statute, for such rights were expressly provided to arise " under the terms of the policy."

Defendant's policy contains a further provision as follows: " If any condition of this policy relating to the limitation of time for

notice of accident or for any legal proceeding is at variance with any specific statutory provision in the State in which the accident occurs, such specific statutory provision shall be substituted for such condition." Respondent argues that this clause makes the general statute of limitations contained in our statutes applicable herein rather than the two-year provision contained in the policy. It seems to us, however, that the provision last quoted is not intended to apply general statutes of limitations to all claims made under the terms of the policy, otherwise the contract period of two years would be meaningless. Rather it refers to a situation where a casualty insurance company may be required by law to afford those claiming under their policies a longer period than two years in which to present claims. This was the construction placed on a similar clause in the case of *Bass* v. *Standard Accident Ins. Co.* (70 F. [2d] 86). There is no statutory provision in this State limiting the right of casualty insurance companies to contract with respect to periods of limitation. The provisions of the Insurance Law with respect to standard forms of fire and life policies have the effect of limiting such right as to insurers against those hazards. (*Hamilton* v. *Royal Ins. Co.*. 156 N. Y. 327.)

We are not passing on a situation where stay of execution or other obstacle might have prevented suit. (See Insurance Law, § 109, as amd. by Laws of 1936, chap. 433.) There was no such obstacle in the present case.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

LEVY and HAMMER, JJ., concur.