In an action on a personal property floater policy of insurance to recover a loss allegedly covered thereby, defendant appeals from an order (1) denying its motion for summary judgment dismissing the complaint, and (2) granting plaintiff’s motion for an examination of defendant before trial. It is undisputed that the action was not commenced within twelve months after the loss was sustained, as required by the policy. However, the policy also provides that if by the laws of the State within which it was issued such a limitation is invalid, the action must be commenced within the shortest limit of time permitted by the laws of such State; and plaintiff contends that the policy was issued in Connecticut and that under the laws of that State a surety company may not limit the time within which a suit shall be brought against it to a period less than thre.e years from the time when the loss insured against occurred. Order reversed on the law, with $10 costs and disbursements, defendant’s motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice, dismissing the complaint, granted, with $10 costs, and plaintiff’s motion for an examination of defendant before trial denied, without costs. In our opinion, the uncontradicted facts and documentary proof establish that the policy was issued in the State of New York, and the twelvemonth period of limitation was valid and enforeible and barred the maintenance of the action. (Brandyee v. Globe & Butgers Fire Ins. Go., 252 N. Y. 69; Civ. Prac. Act, § 10.) A policy of insurance is issued when it is delivered and accepted, whereby it comes into full effect and operation as a binding mutual obligation, or when it is prepared and signed, as distinguished from its delivery to the insured. (Coleman V. New England Mut. Life Ins. Go., 236 Mass. 552, 554; 44 C. J. S., Insurance, § 262.1 Under either theory, the policy was issued *1052 in New York. If by “ issued ” is meant delivery and acceptance, it is undenied that such acts occurred in this State. The same result follows if “ issued ” is construed as meaning the preparation and signing of the instrument. Plaintiff’s affidavits show, at most, that the policy may have been printed, with the facsimile signatures of defendant’s officers thereon, in the State of Connecticut. However, the policy provides that it shall not be valid unless countersigned by a duly authorized agent; -and it is undenied that it was so countersigned in the city of New York. Until the agent’s signature was affixed as provided therein, no binding contract was in effect; the last act necessary to its validity was performed in this State; and the signing and preparation of the instrument were not completed until it was countersigned, according to its terms, in New York. (Cf. St. Paul Fire & Marine Ins. Co. v. Phoenix Assur. Co., 236 App. Div. 471; Prall v. Mutual Protection Life Assur. Soc., 5 Daly 298, 2991, affd. 63 N. Y. 608; Jeff cot v. Aetna Ins. Co., 40 P. Supp. 404, 411, affd. 129 P. 2d 582, certiorari denied 317 U. S. 663.) Nolan, P. J., Carswell, Sneed, Wenzel and MacCrate, JJ., concur.