David Aboudi, Doing Business as D. Aboudi & Co., Appellant, *v.* " Switzerland " General Insurance Company, Inc., Respondent.

Judgment and order affirmed, with costs.

Shientag, J. (dissenting). Hemisphere Mercantile Inc., was insured by defendant under an open policy of insurance. Hemisphere subsequently shipped certain goods to plaintiff's assignor in Iran, insuring the goods under the open policy. Defendant issued a certificate of insurance which Hemisphere duly forwarded to plaintiff's assignor. The certificate includes the following language: " This certificate is subject to all the terms of the open policy, provided, however, that the rights of a bona fide holder of this certificate for value shall not be prejudiced by any terms of the open policy which are in conflict with the terms of this certificate."

The certificate itself contains no limitation on the period within which suit must be brought but the open policy requires that suit be brought within one year. The present action was begun approximately three and one-half years after the loss.

The clause quoted above differs markedly from clauses in certificates previously litigated in this State. It draws a careful distinction between the rights of the original holder and of bona fide holders for value. While an original holder is cautioned that the certificate is " subject to all the terms of the open policy," the representation is made to the bona fide holder that his rights " shall not be prejudiced by any terms of the open policy which are in conflict with the terms of this certificate." The language used in this proviso clause is exceptionally broad. It is not phrased merely as a canon of construction, that the certificate shall govern where the certificate and policy are in conflict. Instead, it employs broad protective language: " the rights of a bona fide holder * * * shall not be prejudiced ".

Examination of the certificate as a whole confirms the view that the certificate was represented as substantially the entire contract between the parties. The certificate is no mere memorandum of the fact that insurance has been issued. It involves a detailed analysis of the rights of the parties covering some eighteen folios in the printed record. It sets out with precision and exactness the risks insured against and the risks excluded. Certain of the provisions of the open policy are set out verbatim.

The certificate delineates the coverage of the policy, sometimes in minute detail. It provides for the eventuality of a deviation or change of voyage or an error in description of the vessel or voyage. It specifically includes the

risk of craft, raft or lighter, and protects the insured against any agreement exempting lightermen from liability. It states that the insured is not to be prejudiced by the presence of the negligence clause and/or latent defect clause in the bills of lading or charter party. The insurer admits the seaworthiness of the vessel.

Coverage of inland transportation is limited by the certificate to railroad transportation, and the insurance is said to cover only loss from "fire, collision, or derailment while on railroad cars". The certificate states that it excludes loss from leakage or breakage but further states that it covers such loss where occasioned by stranding or collision with another vessel. The time coverage of the policy is set out in detail and is specified to the precise hour.

The certificate requires the insured to give prompt notice to the underwriters and the right to recover is stated to be dependent on compliance with this obligation. In addition, claimants are instructed to report losses to the company's claim agent located at the port of discharge or disaster; provisions are set out in the event that there is no such agent. In such notice, the claimant is instructed to request that the agent hold a survey and issue a certificate stating the cause and extent of loss as well as the market value of the merchandise had it arrived in sound condition. The precise street address to which the complete documents should then be sent is set out.

Under the heading "Important", the insured is instructed to file a claim in writing against the steamship company before removing damaged goods from the dock. The certificate sets out limits to the authority of claim and settling agents, and states that they cannot be cited in any legal proceedings. The certificate subjects the insurance to the law of place of issuance and specifies that losses will be paid in international exchange at the current rate on day and at place of judgment.

But the certificate of insurance contains no mention of a limitation of the period in which suit must be brought. A single line would have brought this vital requirement to the attention of the holder of a certificate.

The present certificate of insurance is unlike those certificates on which the Court of Appeals has previously passed. In *Brandyce* v. *Globe & Rutgers Fire Ins. Co.* (252 N. Y. 69) the certificate said merely "Subject to the conditions of the policy and contract of insurance." Moreover, the Court of Appeals pointed out in its decision that the certificates did not specify the risk insured against, and did not purport to be the complete contract of insurance. A British decision was distinguished in part on this basis:

Similarly in *Royster Guano Co.* v. *Globe & Rutgers Fire Ins. Co.* (252 N. Y. 75) the certificate was not as all-inclusive as the present one, and the Court of Appeals found that the intent of the parties was that the papers be read together to establish the contract. The court noted, however, that "Much might be said in favor of the claim that these certificates as to the owners of the cargo constituted the insurance agreement or contract with the insurance company free of any of the conditions or terms contained in the original or open policy". (Pp. 78–79.) But the words of that particular policy would "not stand this strain." (P. 79.)

A bona fide holder of the instant certificate, however, was fully justified in assuming that his substantial rights would not be prejudiced by the open policy, and, particularly, that so important an impairment of his rights as an artificial limitation of his time to bring suit would appear among the many less important provisions which the insurer saw fit to include.

The insurer cannot thus palter in a double sense. It cannot draft its certificates so as to invite their ready acceptance and then after loss assert, against

the bona fide holder of such certificates, a clause in the open policy which works a substantial impairment of his rights.

The certificate of insurance impliedly represented to the bona fide holder that the ordinary Statute of Limitations applied. Such representation or implied condition in the certificate was in conflict with an express provision on the subject in the open policy. The bona fide holder of a certificate, as comprehensive as that here involved and containing the instant broad proviso clause, should be protected where an implied condition of the certificate is in conflict with a provision of the open policy, just as he would be if there were a conflict between express provisions in the two instruments. Indeed the "bona fide holder" clause in the certificate would be purposeless if it were limited to express conflicts in the two instruments, since it would then be simply declaratory of existing law. (See *Royster Guano Co.* v. *Globe & Rutgers Fire Ins. Co.,* 252 N. Y. 75, 79, *supra*.) Neither fair business practice nor the law should sanction what in effect may result in misleading an innocent holder of a commercial instrument, such as is here involved.

The judgment should be reversed and the motion denied.

Peck, P. J., Cohn and Heffernan, JJ., concur in decision; Shientag, J., dissents and votes to reverse and deny the motion, in opinion in which Van Voorhis, J., concurs.

Judgment and order affirmed, with costs. No opinion.