**INTERMETALS CORPORATION, Plaintiff,**

v.

**HANOVER INTERNATIONAL AKTIENGESELLSCHAFT FUR INDUSTRIEVERSICHERUNGEN, Defendant.**

No. 01CV200.

United States District Court,
D. New Jersey.

Aug. 2, 2001.

---

James F. Campisi, Laura K. Barzilai, Nicoletti Hornig Campisi & Sweeney, Hackensack, NJ, for plaintiff.

Robert G. Clyne, James A. Saville, Jr., Hill Rivkins & Hayden LLP, Hoboken, NJ, for defendant.

## MEMORANDUM OPINION

COOPER, District Judge.

Plaintiff Intermetals Corporation ("Intermetals") has filed a complaint seeking payment from the defendant Hanover International Aktiengesellschaft Fur Industrieversicherungen ("Hanover"), an insurance carrier, for a claim under a marine insurance contract issued to Intermetals by Hanover. This matter is presently before the Court on Hanover's motion to dismiss for lack of personal jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(2) claiming insufficient contacts with New Jersey; or in the alternative, that the court should enforce the forum selection clause and dismiss the claim in this forum. For the reasons stated below, the court will deny Hanover's motion to the extent it is based on lack of personal jurisdiction but will grant it to the extent it is based on enforcement of the forum selection provision in the insurance contract.

## BACKGROUND

Intermetals is a New Jersey corporation engaged in the business of importing steel from foreign countries. (Decl. of James F. Campise ("Campise Decl.") Ex. 1: Aff. of Laurence M. Traub ("Traub Aff.") ¶ 2.) In 1997, Intermetals began a joint venture with Safin, an exporter of steel, to purchase steel from Russia and Eastern Europe. (*Id.* ¶ 3.) Hannover is an insurance company with its head office in Austria that provides, among other things, marine insurance to exporters. (Decl. of Robert G. Clyne ("Clyne Decl.") Ex. 2: Aff. of Guenther Weiss ("Weiss Aff.") ¶¶ 2, 4.) Hanover insured the joint venture operations of Intermetals and Safin beginning in 1997. (*Id.* ¶ 3.) In 1998, the trade relationship between Intermetals and Safin ended. (*Id.* ¶ 5.) Thereafter, Intermetals sought insurance quotes from Hanover and Willis Corroon Marine, a New York insurance broker, in order to continue the insurance coverage of their international shipments of steel. (Traub Aff. ¶ 7.) On February 26, 1999, Hanover faxed a quote to Intermetals to insure an upcoming shipment of steel from Latvia to the United States. (Clyne Decl. Ex. B: Reply to Insurance Inquiry dated 2–26–99.) The quote did not contain a forum selection clause. (*Id.*) On March 1, 1999, Intermetals faxed a letter to Hanover requesting that the insurance contract be written and that a copy of the policy and certificate be returned to Intermetals. (Campise Decl. Ex. E: Reply to Insurance Quote dated 3–1–99.) On March 2, 1999, Hanover accepted the offer and faxed the Certificate of Marine Insurance no. 1 to Intermetals. (Clyne Decl. Ex. E: Acceptance of Application for Insurance dated 3–2–99.) The forum selection clause in question was on the back of the form and thus was not received by Intermetals at that time. (Traub Aff. ¶ 10.) On March 29, 1999, Intermetals received a copy of the policy and a complete copy of Certificate No. 1. (*Id.* ¶ 11.) The policy stated that the policy was subject to English law and the certificate included the following forum selection clause:

> The court of jurisdiction—even where claims are agreed payable through an agent—is to be at the place where this insurance certificate is issued or at the head offices of the insurers.

(Clyne Decl. Ex I: Institute Cargo Clauses (A) ¶ 19; Clyne Decl. Ex K: Certificate of Marine Insurance "Certificate No. 6.") In addition, the certificate stated that the place of issuance was in Austria. (Certificate No. 6; Weiss Aff. ¶ 2.)

From 1999 to 2000, Hanover continued to provide marine insurance coverage to Intermetals. (Pl. Br. at 5.) In May 2000, Intermetals submitted an insurance claim for an allegedly damaged shipment that was insured by Hanover under Certificate of Marine Insurance No. 6. (Traub Aff. ¶ 15.) The shipment originated in Poland and was traveling to Detroit. (Pl. Br. at 5.) The claim was investigated by Hanover's appointed agent in New Jersey, Ewig International Marine Corporation. (Traub Aff ¶ 15.) On October 2, 2000, Intermetals received notification that Hanover denied the claim. (Pl. Br. at 5.) Intermetals filed its complaint on January 10, 2001, claiming exemplary and punitive damages because of Hanover's alleged failure to pay a valid

insurance claim. (Compl.¶¶ 35, 44.) Hanover subsequently filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative to dismiss based upon enforcement of the forum selection clause.

## DISCUSSION

### I. Personal Jurisdiction

Hanover's first argument for dismissal is that this Court lacks personal jurisdiction over it because it does not have sufficient contacts with New Jersey. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Br.") at 5.) New Jersey Statutes Annotated 17:51–1, which is entitled Unauthorized Insurers: Submission to Jurisdiction of State, outlines acts by which insurers will be deemed to have appointed the New Jersey Commissioner of Insurance as their agent for purposes of submitting themselves to the jurisdiction of the New Jersey courts. Hannover appears to have committed two of the acts mentioned within the statute by issuing and delivering a contract of insurance to a resident of New Jersey and collecting premiums related to the insurance policy. See N.J. Stat. Ann. § 17:51–1(a)(1), (3). During oral argument, on June 18, 2001, counsel for Hanover conceded that, based on N.J. Stat. Ann. § 17:51–1, New Jersey has personal jurisdiction over Hanover for purposes of resolving this dispute. Accordingly, the Court will deny Hanover's motion to the extent it is based upon lack of personal jurisdiction.

### II. Forum Selection Clause

Hanover's alternate argument for dismissal asserts that the forum selection clause found on the back of Certificate No. 6 is valid, enforceable, and mandatory, and therefore the exclusive jurisdiction for this case is Austria. (Def's Br. at 12, 14.)

Intermetals argues it would be unreasonable to enforce the clause because of (1) the high cost of litigating in Austria, (2) the unavailability of witnesses, (3) the lack of bargaining between the parties, and (4) the location of the forum selection clause on the insurance certificate. (Pl. Br. at 2–3.) Intermetals also argues that the forum selection clause is permissive rather than mandatory and therefore jurisdiction should remain in the United States. (Id. at 2.)

■ Hanover has not specified which of the Federal Rules of Civil Procedure, 12(b)(1), 12(b)(3) or 12(b)(6), that it is relying upon in moving for dismissal. There is no consensus as to what procedural mechanism to apply when bringing a motion to dismiss on the basis of a forum selection clause. Union Steel Am. Co. v. M/V Sanko Spruce, 14 F.Supp.2d 682, 685 (D.N.J. 1998); see also New Moon Shipping Co. v. MAN B & W Diesel AG, 121 F.3d 24, 28–29 (2d Cir.1997). The Third Circuit, however, has held that courts in this circuit should apply Federal Rule of Civil Procedure 12(b)(6) to a motion to dismiss based on enforcement of a forum selection clause. Instrumentation Associates, Inc. v. Madsen Elec. (Canada), Ltd., 859 F.2d 4, 6 (3d Cir.1988). Therefore, we will treat Hanover's motion as if it had been made pursuant to Rule 12(b)(6).

### A. Validity of the Forum Selection Clause

■ When determining the enforceability of a forum selection clause, we must first decide which law to apply. Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 356 (3d Cir.1986). The dispute before us involves a contract of marine insurance and therefore lies within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

*See New England Mut. Marine Ins. Co. v. Dunham,* 11 Wall. 1, 78 U.S. 1, 11, 20 L.Ed. 90 (1870); *Int'l Sea Food Ltd. v. M/V Campeche* 566 F.2d 482 (5th Cir. 1978); *Bond v. Doig,* 433 F.Supp. 243 (D.N.J.1977). In *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court adopted a federal standard to be applied in admiralty cases in determining the validity of a forum selection clause in a contract, *Bremen,* 407 U.S. at 11, 92 S.Ct. 1907; *see also Instrumentation,* 859 F.2d at 7 n. 5; *Gen. Eng'g,* 783 F.2d at 357, and applied that standard to the case before it even though the underlying contract evinced an intent to apply the substantive law of England, *Bremen,* 407 U.S. at 14 n. 15, 92 S.Ct. 1907.[1] Therefore, even though a provision in the contract states that the policy is subject to English Law (Clyne Decl. Ex I: Institute Cargo Clauses (A) ¶ 19), we will apply the test set forth in *Bremen* in determining whether to enforce the forum selection clause.

■ Under *Bremen,* "[f]orum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). A forum selection clause will be invalidated only if the resisting party can show (1) the clause was invalid for such reasons as fraud or overreaching, or (2) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, or (3) that enforcement of the clause would be so gravely difficult and inconvenient as to be unreasonable and unjust and that it would deprive the party of its day in court. *Id.* at 10, 15, 18, 92

S.Ct. 1907. There is nothing in the record to suggest that the forum selection clause in question was the result of fraud or overreaching or that enforcement of the clause would contravene a strong public policy of this Court. Therefore, we will focus on the third element of the *Bremen* test.

### 1. *Complete Contract*

■ Intermetals argues that because the forum selection clause was printed on the insurance certificate and not on the policy, the clause would be unreasonable to enforce. (Pl. Br. at 17.) When interpreting the terms of a marine insurance policy, the terms in a certificate must be read together with the terms of the insurance policy in order to understand the entire contract between the insurer and the certificate holder. *Aetna Ins. Co. v. Willys–Overland,* 288 F. 912, 914 (N.D.Ohio 1922); *see also Brandyce v. Globe & Rutgers Fire Ins. Co.,* 252 N.Y. 69, 168 N.E. 832, 833 (1929) (holding that certificates of insurance must be read together with insurance policy to understand rights and obligations of parties). In this case, the terms of the policy and the terms of the insurance certificate must be read together to understand the complete agreement between Intermetals and Hanover. *See Aetna,* 288 F. at 914; *Brandyce,* 168 N.E. at 833. Accordingly, we find that this factor does not support Intermetals' contention that the forum selection clause is invalid.

### 2. *Lack of Bargaining*

■ Intermetals alleges that it did not receive the certificate of insurance with the forum selection clause until after the acceptance of the policy and that the parties never bargained for the forum selec-

---

**1.** The standard adopted in *Bremen* is substantially that followed in England. *See Bremen,* 407 U.S. at 411 & n. 12, 92 S.Ct. 1907.

Therefore, our use of the *Bremen* standard to resolve this issue, as opposed to English law, may be immaterial.

tion clause. (Pl. Br. at 18.) When an agreement is an "arm's length deal between sophisticated commercial entities" the lack of "actual negotiations over the forum selection clause does not affect its validity." *Union,* 14 F.Supp.2d at 686; *see also Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (finding that forum selection clause is enforceable even if not subject to bargaining because cruise line had interest in limiting fora and reducing its cost and defendant benefitted from reduction of plaintiff's costs).

Intermetals relies on a West Virginia district court case that did not enforce a forum selection clause between two parties of unequal bargaining power because the clause was presented in a supplemental agreement eleven months after the initial agreement between the parties. *See, e.g., Kolendo v. Jerell, Inc.,* 489 F.Supp. 983, 986 (S.D.W.Va.1980). However, this case is distinguishable because Intermetals received the complete certificate with the forum selection clause within 27 days after commencement of their first agreement. (Traub Aff. ¶ 11.) In addition, this dispute concerns Certificate No. 6; Intermetals had five previous policies with Hanover, each with its own certificate. (Weiss Aff. ¶ 15.) Intermetals had also been insured by Hanover when it was associated with Safin. (Id. ¶ 3; Traub Aff. ¶ 3.) We conclude that Intermetals had notice of the forum selection clause and should have been aware of its inclusion in the contract. Thus, our analysis of this factor supports the conclusion that the forum selection clause is valid and enforceable.

### 3. *Availability of Witnesses*

██ Intermetals claims that enforcement of the forum selection clause would be unreasonable because the witnesses and the evidence are primarily located in the United States. (Pl. Br. at 23–24.) "[F]ederal courts should enforce forum selection clauses in international transactions because of the interests of international comity and out of deference and proficiency of foreign courts." *A.C. Sudduth v. Occidental Peruana, Inc.,* 70 F.Supp.2d 691, 694 (E.D.Tex.1999). The expense of presenting witnesses from remote lands in a marine insurance claim is not a manifest injustice. *Lien Ho Hsing Steel Enter. Co. v. Weihtag,* 738 F.2d 1455, 1462 (9th Cir. 1984). In *Lien Ho,* the Ninth Circuit Court of Appeals concluded that it was not unreasonable to enforce a forum selection clause even though the plaintiff would be required to present a marine insurance claim in a forum that was 6000 miles from the witnesses. *Id.* In this case, potential witnesses are located in several areas including Austria, Poland, and the United States. In addition, it is common to prosecute marine insurance cases by deposition. *Bremen,* 407 U.S. at 19, 92 S.Ct. 1907. Under these conditions, it would not be so inconvenient as to be unreasonable and unjust for the parties to litigate in an Austrian court.[2] Accordingly, we find that this factor supports the conclusion that the forum selection clause is valid and enforceable.

### 4. *Expense of Litigation*

Intermetals also submits that it would be unreasonable to enforce the forum selection clause because of the great expense

---

**2.** By denying Intermetals' claim for alleged damage during shipment and storage of the insured product, Hanover is alleging that the damage was not caused during the time the product was insured but that it was damaged before the product was shipped. (Traub Aff. ¶ 17.) Thus, the array of witnesses that needs to be present will include individuals from Poland, Austria, and the United States.

of litigating overseas. (Traub Aff. ¶ 18.) The inconvenience of additional expenses does not meet the heavy burden of proving unreasonableness. *See Diaz Contracting, Inc. v. Nanco Contracting Corp.,* 817 F.2d 1047, 1053 (3d Cir.1987), *overruled on other grounds as recognized by Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 885 F.2d 1149 (3d Cir.1989). In *Diaz,* the Third Circuit held that the inability of the plaintiff to finance additional litigation in another forum was insufficient to prove unreasonableness. *Id.* at 1052. In this case, Intermetals is unsure of its ability to finance a trial in Austria because of the high cost of translation, transporting and housing witnesses, court fees, and attorney's fees. (Traub Aff. ¶ 18.) In fact, these expenses would likely be procured in any forum because this case involves two companies and numerous potential witnesses from different countries who speak different languages. We find that the facts produced in connection with this factor does not meet the high standard set in *Bremen* and therefore our analysis of this factor supports the conclusion that the forum selection clause is valid and enforceable. *See Envirolite Enter., Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft M.B.H.,* 53 B.R. 1007, 1012 (S.D.N.Y.1985) (holding that plaintiff failed to show that enforcement of forum selection clause was not unreasonable and unjust on grounds that costs of litigating in Austria were prohibitive), *aff'd,* 788 F.2d 5 (2d Cir.1986). After considering the arguments raised in connection with each of the above factors, individually and collectively, we find as a matter of law that

the forum selection clause was a valid and enforceable provision of the marine insurance contract between Intermetals and Hanover because enforcement of the clause would not be so gravely difficult as to be unreasonable and unjust and would not deprive Intermetals of its day in court.

### B. *Exclusivity of the Forum Selection Clause*

 Having concluded that the forum selection clause is enforceable, we must next decide whether the clause is permissive or exclusive to the foreign venue.[3] *See Union,* 14 F.Supp.2d at 686; *Instrumentation,* 859 F.2d at 6. When a forum selection clause is ambiguous or has opposing, yet reasonable interpretations, it will be construed more strongly against the party who drafted the clause. *Citro Fla., Inc. v. Citrovale, S.A.,* 760 F.2d 1231, 1232 (11th Cir.1985). To determine if the clause is ambiguous or is subject to more than one interpretation, we will look at the wording of the agreement and apply ordinary principles of contract interpretation. *See John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imp. & Distrib. Inc.,* 22 F.3d 51, 53 (2d Cir.1994). The clause here reads:

> The court of jurisdiction—even where claims are agreed payable through an agent—is to be at the place where this insurance certificate is issued or at the head offices of the insurers.

(Clyne Decl. Ex K.)

When only jurisdiction is specified in the clause, we must look for some further lan-

---

**3.** Although we applied federal law to determine whether the forum selection clause is valid and enforceable, the parties have not addressed which law we should apply to determine whether the forum selection clause is permissive or exclusive. The contract indicates that the policy is subject to English law and practice. (*See* Clyne Decl. Ex I: Institute

Cargo Clauses (A) ¶ 19.) The parties, however, have not cited nor relied upon English law in addressing this issue, but rather federal case law. The Court too will apply federal case law to this issue and, to the extent English law is controlling, we will assume for purposes of this motion that it is not in conflict with federal case law.

guage in the clause or in the agreement to indicate the parties' intent to make the stated jurisdiction exclusive. *John Boutari & Son,* 22 F.3d at 52. In *Union Steel Am. Co. v. M/V Sanko Spruce,* the court determined that a clause providing that a forum *"shall* have jurisdiction" left open the question of whether the forum was intended to be the only jurisdiction available to the parties. 14 F.Supp.2d at 687 (emphasis added); *see also Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 957 (5th Cir.1974) (finding clause "the parties *submit* to the jurisdiction" was permissive (emphasis added)).

In this case, the only language in the agreement pertaining to jurisdiction is in the forum selection clause. Looking at the clause, the phrase *"The* court of jurisdiction ... *is to be at* the place" is a clear indication that the drafter intended for the clause to be exclusive. (Clyne Decl. Ex K (emphasis added).) Accordingly, we find that the forum selection clause is exclusive because it mandates that litigation take place in one of two specified jurisdictions, both of which in this case are Austria. *See Union,* 14 F.Supp.2d at 687 (finding that forum selection clause indicating two possible fora excludes all other fora). We conclude that the meaning of this clause is clear and is subject to only one interpretation and is thereby exclusive to the jurisdiction of Austria.

### CONCLUSION

For the reasons stated above, we conclude that the forum selection clause contained in the agreement between Intermetals and Hanover is a valid and enforceable clause. Furthermore, we find that the clause is exclusive thereby mandating that this action be brought in Austria.

An appropriate order accompanies this Memorandum Opinion.

### ORDER OF DISMISSAL

**IT IS THEREFORE** on this 2ND day of August, 2001 **ORDERED** that the motion to dismiss by defendant Hanover International Aktiengesellschaft Fur Industrieversicherungen (no. 13–1 on the docket) be and hereby is **GRANTED IN PART** and **DENIED IN PART** as follows:

**DENIED** to the extent it is based on lack of personal jurisdiction; and

**GRANTED** to the extent it is based on enforcement of the forum selection clause; and accordingly, this action is hereby DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6).