**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-31042**
**Summary Calendar**

_____

**BARBARA DORAN,**

**Plaintiff-Appellant,**

**versus**

**CARNIVAL CRUISE LINES, INC.,**

**Defendants,**

**CARNIVAL CORPORATION, (erroneously sued as**
**Carnival Cruise Lines, Inc.),**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(99-CV-800-F)**

_____

May 3, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Regarding the dismissal of Barbara Doran's personal injury action, at issue is the enforceability of a forum selection clause in a cruise passenger's ticket. We **AFFIRM.**

Doran, a resident of Canada, purchased a ticket on 26 March 1998 for a one week cruise aboard Carnival's ship, the M/V CELEBRATION. Pursuant to a contract with the National Film Board of Canada, Doran was preparing a documentary on "romance" novels, the cruise's theme.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Doran received the ticket upon boarding the ship in New Orleans, Louisiana, on 17 April 1998. She had the option of receiving it earlier. It included a forum selection clause identical to that upheld in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), requiring litigating all disputes in Florida.

During an outdoor reception, Doran was struck by a falling metal pole. She filed suit in the Eastern District of Louisiana. Carnival moved to dismiss for improper venue, contending the forum selection clause required venue in Florida.

The district court granted Carnival's motion and dismissed the action. It held: (1) the ticket is a maritime contract governed by maritime law; (2) forum selection clauses are *prima facie* valid; and (3) Doran failed to prove enforcement of the clause was either unfair, unreasonable, a result of fraud or overreaching, or deprived her of her day in court.

We review the enforceability of a forum selection clause *de novo*. *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997).

A forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows enforcement would be unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The presumption may be overcome by showing the provision is unreasonable under the circumstances. *Id.*

"The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that

enforcement of the clause deprives plaintiff of his day in court."
*Mitsui*, 111 F.3d at 35 (citation omitted).  Essentially for the reasons stated by the district court, the dismissal was proper. *Doran v. Carnival Cruise Lines, Inc.,* No. 99-800 (E.D. La. 27 Aug. 1999).

*AFFIRMED*