ACEQUIP LTD., et al., Plaintiffs,

v.

AM. ENG'G CORP., Defendant.

No. 3:01CV676(PCD).

United States District Court,
D. Connecticut.

July 18, 2001.

---

David M. Cohen, John A. Farnsworth, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for plaintiffs.

Gerald P. Dwyer, Jr., Edward J. Heath, Robinson & Cole, Hartford, CT, Scott F. Roybal, Daniel W. Park, Sheppard, Mullin, Richter & Hampton, Los Angeles, CA, for defendant.

### RULING ON DEFENDANTS MOTION TO DISMISS

DORSEY, Senior District Judge.

This case presents an issue of whether an arbitrator should be appointed to resolve a dispute involving obligations and liabilities to a construction contract. Defendant moves to dismiss.

## I. BACKGROUND

Transact International, Inc. ("Transact") entered into a construction contract with Defendant, American Engineering Corporation, to provide construction services on a U.S. Air Force base in Okinawa, Japan. The contract provides that "[t]his Agreement is made in accordance with the laws and statutes of the State of Connecticut. In the event of disagreement between the parties to this agreement, Arbitration shall be conducted pursuant to the laws of and in the State of Connecticut, USA." Transact subsequent assigned its rights under the contract to Plaintiff, ACEquip Ltd.[1]

Plaintiff and Transact filed an application for the appointment of an arbitrator on March 26, 2001 in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk. Defendant removed the case to this court on April 20, 2001. Defendant now moves to dismiss on four grounds: lack of personal jurisdiction *forum non conveniens*, failure to state a claim, and lack of standing[2].

## II. DISCUSSION

### A. Dismissal for Lack of Personal Jurisdiction

 Questions of personal jurisdiction in a diversity action require a two-part inquiry: (1) whether Plaintiff has shown Defendant to be amenable to service of process under the forum state's laws; and (2) whether assertion of jurisdiction under these laws comports with due process. *See Metro. Life. Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996). Personal jurisdiction may stem from consent or waiver. *United States Trust Co. v. Bohart*, 197 Conn. 34, 39, 495 A.2d 1034 (1985).

 Defendant argues that it has insufficient contacts to subject it to personal jurisdiction in Connecticut. *See* FED. R. CIV. P. 12(b)(2). This argument is irrelevant as Defendant has consented to jurisdiction. Where the location for arbitration

---

1. Plaintiff makes no showing of this assignment, other than to conclusory assert it by affidavit; Defendant, however, does not challenge it.

2. Defendant also notes improper venue as a basis for dismissal but does not put forward any argument in support.

is specified in the agreement, it constitutes consent to jurisdiction. *Doctor's Assocs., Inc. v. Distajo,* 107 F.3d 126, 136 (2d Cir. 1997); *Maria Victoria Naviera, S.A. v. Cementos Del Valle, S.A.,* 759 F.2d 1027, 1032 (2d Cir.1985). The parties' agreement specifies arbitration in Connecticut. The motion to dismiss for lack of personal jurisdiction is denied.

### B. Dismissal for Forum Non Conveniens

In claiming *forum non conveniens,* Defendant asserts that its only place of business is in Japan, that all its employees reside in Japan, that the construction was to occur in Japan, that most non-party witnesses with knowledge of the contract and its performance are located in Japan, that there is no way to compel the attendance of such witnesses in Connecticut,[3] and that Connecticut has no interest in a dispute between Defendant, a Delaware corporation, and Plaintiff, a United Kingdom company[4]. Thus, it should not be forced to arbitrate in Connecticut.

"Increased cost and inconvenience are insufficient reasons to invalidate foreign forum-selection or arbitration clauses." *Mitsui & Co. (USA), Inc. v. Mira M/V,* 111 F.3d 33, 37 (5th Cir.1997); *accord Northwestern Nat'l Ins. Co. v. Donovan,* 916 F.2d 372, 375, 378 (7th Cir.1990). A district court should first apply the analysis in *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), to determine whether the forum-selection clause was enforceable and only if it is not should the court consider dismissal for *forum non conveniens. See Evolu-*tion *Online Sys., Inc. v. Koninklijke PTT Nederland N.V,* 145 F.3d 505, 509–10 (2d Cir.1998); *but see Blanco v. Banco Indus. de Venez., S.A.,* 997 F.2d 974, 979–80 (2d Cir.1993) (normal *forum non conveniens* analysis when forum-selection clause is permissive, not mandatory). In *Bremen,* the Court ruled that a freely negotiated mandatory forum-selection clause is enforceable unless the party challenging its enforcement can "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." 407 U.S. at 18, 92 S.Ct. 1907. "Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Id.*

Defendant argues that the forum-selection clause here is merely permissive, not mandatory, and so jurisdiction also may lie elsewhere. In support, it cites *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors Inc.,* 22 F.3d 51 (2d Cir.1994). In that case, the Second Circuit held an arbitration provision, that "[a]ny dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts," was not an exclusive grant of jurisdiction but rather a permissive one. *Id.* at 52–53. The forum-selection clause in the present case goes much further than merely precluding a possible future dispute as to jurisdiction. It holds that arbitration shall be conducted in Connecticut. As such, the choice of forum is mandatory not permissive.

---

3. Defendant's assertion leaves unaddressed that the arbitrator may permit such witnesses to testify through deposition, with testimony and cross-examination in Japan, or through a video link. Indeed, other than perhaps hiring local Connecticut counsel, it may not be necessary for anyone, witness or party, to travel from Japan to Connecticut.

4. In support of its assertions, Defendant puts forward the affidavit of its president, which lacks an original signature.

The parties are professional businesses, experienced in doing business in a foreign country. There is no allegation or showing of unequal bargaining power or of fraud. It is not disputed that the contract was freely bargained.

The only other forum that seemingly bears any relationship to the dispute is Japan, the intended locus of construction. Defendant's argument, if accepted, would ask a Japanese court to interpret an English-language contract between two American corporations,[5] under the laws of Connecticut, involving construction on an American military base. It is not unreasonable to conclude that two American corporations, experienced in conducting business in Japan and more familiar with the Japanese judicial system than is this court, made a purposeful and meaningful decision about where they wished to adjudicate their disputes. As noted in *Bremen*, it would be unrealistic to think that professional parties conduct their dealings without considering the costs and benefits of a consent to jurisdiction provision, which would clearly have an effect on the monetary terms of any contract. 407 U.S. at 14, 92 S.Ct. 1907. The dispute here, that Defendant's contractual obligations under the contract materially increased, is such that could be predicted to flow from a construction contract. If Defendant wished to adjudicate such issues more conveniently, such as in Japan, it had but to bargain other than it did. Presumably, it had reasons for the contractually chosen forum or bargained for a higher contract price to offset the inconvenience. Defendant is held to its bargain.

This forum-selection clause will not be held unfair, unjust, or unreasonable. The motion to dismiss for *forum non conveniens* is denied.

## C. Dismissal for Failure to State a Claim

A complaint may not be dismissed under Rule 12(b)(6) unless movant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see* FED. R. CIV. P. 12(b)(6). Factual allegations are presumed to be true, and all factual inferences are drawn in Plaintiff's favor. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

■ Defendant first argues that the contract does not compel arbitration but only permits it. Thus, the inquiry is reduced to whether Defendant has consented to arbitration. It has. The arbitration provision provides that "[i]n the event of disagreement between the parties to this agreement, Arbitration shall be conducted."

■ Defendant next argues that Plaintiff may not invoke an application for appointment of an arbitrator under CONN. GEN. STAT. § 52–411(b) until arbitration has been compelled under CONN. GEN. STAT. § 52–410(a). No legal authority is cited for this direct proposition. The statutory language compels no such conclusion. Nor is it logically a necessary prerequisite. If the parties consent to arbitrate but dispute the mechanism for choosing an arbitrator, the statute empowers a court to choose one for them.

Defendant's argument essentially is that it is more appropriate to apply to compel arbitration before applying for appointment of an arbitrator. Defendant offers no credible argument why a plaintiff filing in state court might not bring separate actions, first to appoint an arbitrator and

---

5. Transact is a Connecticut corporation; Defendant is a Delaware corporation.

then, if necessary, to compel arbitration. The motion to dismiss for failure to state a claim is denied.

### D. Dismissal for Lack of Standing

Defendant argues that as Transact assigned its rights to Plaintiff, it has no standing to bring the current claim. Transact has no objection to being dismissed from the action, so long as the assignment of its interests to Plaintiff is not challenged. Defendant offers no such objection. Transact is therefore dismissed from the case.

### E. Subject Matter Jurisdiction

■ "The federal courts are under an independent obligation to examine their own jurisdiction." *See United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (citation omitted). Defendant's removal application asserts diversity jurisdiction. *See* 28 U.S.C. § 1332.

■ This alone does not create subject matter jurisdiction. This court must also have subject matter jurisdiction under Article III of the U.S. Constitution, which limits the power of federal courts to Cases or Controversies. *See* U.S. CONST. art. III, § 2, cl. 1. In order to meet the constitutional requirement of standing, a federal plaintiff seeking relief bears the burden of establishing three elements: "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)

(citations and internal quotation marks omitted).

There is a question of whether the third element, redressability, is satisfied. Plaintiff only seeks appointment of an arbitrator, invoking only CONN. GEN. STAT. § 52–411(b), which authorizes appointment of arbitrators. The application does not invoke CONN. GEN. STAT. § 52–410(a) or 9 U.S.C. § 4, which authorize orders to compel arbitration. Even if an arbitrator were appointed, Plaintiff may be unable to arbitrate for want of Defendant's acquiescence. Absent consent or an order to arbitrate, Plaintiff may not have redressed the injury it asserts, namely its right to arbitrate the cited dispute.

In this respect, Plaintiff shall show cause by August 2, 2001 why the case should not be dismissed for lack of subject matter jurisdiction. Defendant may respond by August 16, 2001.

### F. Case Status

Defendant shall show cause by August 2, 2001 why an arbitrator should not be appointed. Plaintiff may respond by August 16, 2001.

## III. CONCLUSION

Defendant's motion to dismiss, (Dkt. No. 18), is **denied in part** and **granted in part**. Transact International, Inc. is dismissed from the case. Defendant shall show cause by August 2, 2001 why Plaintiff's Application for Appointment of Arbitrator, (Dkt. No. 1), should not be granted. Plaintiff shall show cause by August 2, 2001 why the case should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.