United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-30734

JOSELITO MADRIAGA LIM, on behalf of himself and all other current
and former employees of Offshore Specialty Fabricators, Inc.
similarly situated; ADELITO M. AGANON; RICHARD AGCAOILI; LUIS
AGNABO; ANTONIO P. ALCANTARA; ET AL,

Plaintiffs-Appellants,

versus

OFFSHORE Specialty FABRICATORS INC.,

Defendant-Appellee.

Cons./w
Case No. 05-30736
BIENVENIDO BALBIN; EDMUNDO BEBAYO; ROMEO COGOLLO; CEFERINO
DURANA; REYNALDO FERNANDEZ; FRANSLIE GULLE; RENATO LATIZA;
REYNALDO SACDALAN; JOEL SORONIO; ARLIE TALADUCON, JR.; ROLANDO
TOLENTINO,

Plaintiffs-Appellants,

versus

OFFSHORE Specialty FABRICATORS INC.,

Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Louisiana
(2:03-CV-2231)

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

In June 2005, our court vacated the district court's denial of Offshore Specialty Fabricators' (OSFI) motions to dismiss and "REMANDED to district court for further proceedings consistent with [the] opinion". *Lim v. Offshore Specialty Fabricators, Inc.* (*Lim I*), 404 F.3d 898, 908 (5th Cir.), *cert. denied*, 126 S. Ct. 365 (2005). Plaintiffs-Appellants (Lim) challenge the district court's dismissing this action, on remand, for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). **AFFIRMED.**

## I.

In 2002, Lim filed an opt-in collective action against his employer, OSFI, "claiming violations of the minimum wage and maximum hour (overtime) requirements of the Fair Labor Standards Act, 29 U.S.C. § 20 *et seq*. (FLSA)". *Id*. at 900. Lim's employment contract included an arbitration clause, as mandated by the Philippine Overseas Employment Administration, requiring all employment claims be resolved through arbitration in the Philippines. *Id*. Further, the contract was covered by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 10 June 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted in* 9 U.S.C.A. § 201 (Convention). *Id*. In response, "OFSI moved to dismiss [the action], claiming: the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[contract] require[s] arbitration in the Philippines; and the Convention ... requires district court enforcement of the arbitration clause". *Id*.

The district court denied that motion, holding the arbitration clause violated Louisiana public policy. *Id*. at 901. In *Lim I*, however, our court reversed and remanded for further proceedings, holding arbitration was required.

On remand, the district court in May 2005 dismissed the action. That June, it denied Lim's motion to reconsider.

## II.

Lim claims the district court should have: retained jurisdiction "pursuant to the provisions of the Convention[;] given the plaintiffs an opportunity to test the sufficiency of ... the Phillippines as a forum for the arbitration of their wage and hour claims[;] and, if found sufficient, should have stayed the proceedings and ordered the parties to arbitrate the claims". Accordingly, he claims the court failed to conduct the "further proceedings" required by *Lim I* by dismissing the action instead of retaining limited jurisdiction. OFSI responds that the court properly dismissed the action in response to *Lim I*. We review *de novo*. *See Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997) (enforceability of forum-selection clause reviewed *de novo*).

3

*Lim I* held the district court was *not* the proper venue for Lim to file his claims. Contrary to Lim's contentions, the district court on remand did not fail to conduct "further proceedings"; the Rule 12(b)(3) dismissal was the type of proceeding *Lim I* contemplated. Therefore, the district court did *not* err by dismissing this action for improper venue without retaining jurisdiction. *See **Mitsui***, 111 F.3d 33 (affirming district court's dismissal based on forum-selection clause where court did not retain jurisdiction); ***Assetworks, Inc. v. City of Cincinnati***, 2003 U.S. Dist. LEXIS 23877, at *3 (W.D. Tex. 31 Mar. 2003) (adopting magistrate's recommendation to dismiss for improper venue, without retaining jurisdiction).

## III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

4