United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2007

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 06-20576

TRAFIGURA BEHEER B.V.,

Plaintiff-Appellant,

VERSUS

M/T PROBO ELK,
HER ENGINES, TACKLE, APPAREL, ETC., IN REM;
PROBO ELK SHIPPING INC.;
LAURIN TANKERS AMERICA INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
m 4:05-CV-378

Before SMITH, BENAVIDES, and DENNIS,
Circuit Judges.

PER CURIAM:[*]

Trafigura Beheer B.V. ("Trafigura") appeals a dismissal based on improper venue. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited (continued...)

[*](...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Trafigura contracted with defendants Probo Elk Shipping Inc. and Laurin Tankers America Inc. to transport a shipment of naphtha from Algeria to the Netherlands aboard the M/T PROBO ELK. The charter party contained a forum selection clause stating that "[t]he High Court in London shall have exclusive jurisdiction over any dispute which may arise out of this charter." According to Trafigura, the naphtha was in good condition when it was loaded onto the PROBO ELK in Algeria, but when it arrived in the Netherlands the intended buyer rejected it for contamination. Trafigura eventually located another buyer in the United States and arranged for the defendants to deliver the naphtha to Houston.

Once the shipment arrived in Texas, Trafigura threatened to arrest the ship and assert jurisdiction *in rem*. It sued in the Southern District of Texas, claiming breach of contract, breach of bailment, and negligence related to the contamination of the naphtha. To avoid arrest of the PROBO ELK, the ship's underwriters entered into a letter of undertaking ("LOU"), agreeing to appear as claimants in the suit and pay any final judgment up to $775,000. The LOU did not purport to supersede the original agreement and expressly reserved all defenses.[1]

---

[1] The LOU stated, *inter alia*, as follows:

It is further intended by this undertaking that the rights of Trafigura Beheer BV Amsterdam and of the M/T PROBO ELK and her claimant be, and for all purposes shall be taken to be, consistent with the M/T PROBO ELK having been arrested under process issued out of the United States District Court for the Southern District of Texas at Houston and released by the filing of a release bond, reservation being

(continued...)

Defendants successfully moved to dismiss for improper venue based on the charter party's forum selection clause. Trafigura raises three issues on appeal. First, it claims the LOU superseded the forum selection clause. Second, even if it was not superseded, enforcement of the forum selection clause would be unjust and unreasonable. Third, defendants waived the forum selection clause issue by failing to make a timely pre-answer motion.

## II.

We review the enforcement of a forum selection clause *de novo*. *Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517 (5th Cir. 2006). Forum selection clauses are presumptively enforceable under federal law in the "interests of international comity and out of deference to the integrity and proficiency of foreign courts." *Haynesworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997) (quoting *Mitsui & Co. (U.S.A.), Inc. v. MIRA M/V*, 111 F.3d 33, 35 (5th Cir. 1997)).[2] Trafigura claims that the LOU superseded the char-

---

[1](...continued)
made on behalf of M/T PROBO ELK and her claimant of all other defenses and objections otherwise available, including but not limited to limitation of or exoneration from liability, arbitration and/or the right to counter security, except as may be predicated on the fact that the vessel was released on the basis of this undertaking rather than on the posting of a release bond.

[2] Trafigura argues that *Haynesworth* is inapplicable because it is not an admiralty case and did not involve a LOU. *Haynesworth*, however, relied extensively on admiralty cases such as *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972), and *Mitsui* and held that the rules of these cases, which are plainly applicable to other admiralty cases, are also applicable outside the admiralty context. *See Haynesworth*, 121 F.3d at 962.

2

ter party's forum selection clause because the defendants agreed to appear as claimants and pay a judgment of up to $775,000 if ordered. Trafigura thus asserts that defendants were waiving the forum selection clause issue by agreeing to the Southern District of Texas as an appropriate venue and that the LOU reserved only "all other defenses" available to them. That argument, however, conflates jurisdiction and venue.

Defendants submitted to the court's jurisdiction by virtue of the LOU, which specifically established that jurisdiction would exist in the same manner as if the ship had been arrested and defendants had appeared as claimants. But a party's mere appearance as a claimant does not waive venue. *See The Bremen*, 407 U.S. at 20. As the Court explained in *The Bremen*, the "jurisdictional" language of the forum selection clause does not oust the personal or in rem jurisdiction of the American courtSSthe parties may not *a priori* restrict the court's statutorily established basic power to assert jurisdiction by their mutual consentSSit only renders it legally improper for the American court to do more with its jurisdiction than to evaluate the forum selection clause's enforceability. If the clause is enforceable, the court must dismiss the case because the United States is an improper forum. *Id.* at 12.

Accordingly, the language of the LOU was entirely consistent with the charter party's forum selection clause and did not supersede it. Rather, the claimants properly appeared before the district court as if their ship had been arrested, and the court properly dismissed for improper venue after finding that the forum selection clause was enforceable.[3]

### III.

Trafigura argues that even if the charter party was not superseded, enforcement of the forum selection clause is unjust and unreasonable. American courts refuse to enforce forum selection clauses that are unjust and unreasonable. *See id.* at 15. A forum selection clause should not be enforced if the clause was the product of fraud or overreaching; if the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; or if enforcement of the clause would contravene a strong public policy of the forum state. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *The Bremen*, 407 U.S. at 15, 18. None of these circumstances exists here.

Trafigura contends that dismissal was unfair because, under British law, its claim would be time barred in London. But Trafigura's failure to plead and prove foreign law below is fatal to its claim. *See Banque Libanaise*, 915 F.2d at 1006. Even if this were not the case, Trafigura's claim would fail. It alleges that Britain imposes a one year statute of limitationsSSthe same limitations that apply in the United States. Trafigura filed this suit in Houston two days before the American statute of limitationsSSalleged to be identical to the British oneSSwould have run. It is thus disin-

---

[3] Trafigura filed a supplemental brief arguing for the first time that, under British law, the forum selection clause was never incorporated into the bill of lading and thus was not part of the contract. Because did not prove the content of British law in the district court, these arguments are waived, and we do not consider them. *See* FED. R. CIV. P. 44.1; *Banque Libanaise pour le Commerce v. Khreich*, 915 F.2d 1000, 1006 (5th Cir. 1990).

genuous for Trafigura to accuse defendants of delaying so as to deny it a forum; defendants cannot have been expected to file their answer within two days. Trafigura occasioned its own predicament by failing timely to file its claim in the contractually specified forum; no policy against unfairness counsels in favor of rewarding such behavior by adjudicating this case in a forum that would otherwise be contractually barred.[4]

London was otherwise a reasonable forum. Trafigura has an office there, so it was not inconvenient. Further, British courts have a long history of fair and impartial admiralty jurisprudence. *The Bremen*, 407 U.S. at 17. In sum, it was fair and reasonable for the court to enforce the forum selection clause.

### IV.

Trafigura claims defendants waived the forum selection clause issue by failing to make a timely pre-answer motion. We review a district court's interpretation of the federal rules of civil procedure *de novo*. *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). Trafigura cites Federal Rule of Civil Procedure 12(b) in support of this argument; that rule states that

[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may *at the option of the pleader* be made by motion: . . . (3) improper venue . . . .

(Emphasis added.)

Defendants complied with this rule by raising their objections to the forum in their answer, which was their first responsive pleading to the complaint.[5] They then objected to all discovery and refused to participate until they were compelled to do so by the magistrate judge while their motion to dismiss was pending.

Although it was some months before defendants filed their motion to dismiss based on rule 12(b)(3) and (6), that delay appears to have resulted from the fact that Trafigura, the plaintiff, had failed to prosecute the case. Trafigura did not make any discovery requests until August 12, approximately six months after filing its complaint. On September 14 defendants objected to discovery based on improper venue; they moved to dismiss on October 25.

---

[4] *See New Moon Shipping Co. v. Man B&W Diesel AG*, 121 F.3d 24, 32 (2d Cir. 1997) ("[C]onsideration of a statute of limitations would create a large loophole for the party seeking to avoid enforcement of the forum selection clause. That party could simply postpone its cause of action until the statute of limitations has run in the chosen forum and then file its action in a more convenient forum."); *Union Steel Am. Co. v. M/V SANKO SPRUCE*, 14 F. Supp. 2d 682, 696 (D.N.J. 1998) (stating that unreasonableness "does not hinge on whether a clause is unreasonable in light of present circumstances created by plaintiff's failure to file in the correct forum").

[5] *See Jockey Int'l, Inc. v. M/V LEVERKUSEN EXPRESS*, 217 F. Supp. 2d 447, 455 (S.D.N.Y. 2002) (finding that after defendants had raised forum selection clause in their answer, "[a] delay of six to seven months in lodging that challenge [to enforce the clause] is not inordinate, particularly given that discovery was not even completed at the time the motion was filed"); *Queen Noor, Inc. v. McGinn*, 578 F. Supp. 218, 219 (S.D. Tex. 1984) (holding that the assertion of a forum selection clause in an answer is sufficient to preserve the defense).

Although we review the court's interpretation of the federal rules *de novo*, we held, in a similar case, that arbitrability "depends on the circumstances of each case and usually must be determined by the trier of facts." *Valero Refining, Inc. v. M/T LAUBERHORN*, 813 F.2d 60, 65 (5th Cir. 1987). There, the defendant's analogous minimal participation in discovery did not result in waiver of arbitrability, and we see no reason to upset the district court's determination in the present case. *See id.* at 66; *see also Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 421 (5th Cir. 1985). Trafigura can hardly be said to have been blindsided by the assertion of improper venue, defendants had requested no discovery, and Trafigura had not been put to any great litigation expense in the Southern District of Texas at the time of the motion.[6]

AFFIRMED.

---

[6] *Compare In Re Deleas Shipping Ltd.*, 1996 A.M.C. 434 (W.D. Wash. 1995) (reasoning that a party waives its right to the benefit of a forum selection clause where it "has taken actions inconsistent with it, or delayed its enforcement, and other parties would be prejudiced") (citing *Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984)).