## GALAPAGOS CORPORACION TURISTICA "GALATOURS", S.A.

v.

## THE PANAMA CANAL COMMISSION

Nos. 00–3190, 00–3308.

United States District Court, E.D. Louisiana.

Sept. 26, 2001.

Christopher Ogilvie Davis, William Joseph Riviere, Phelps Dunbar, LLP, New Orleans, LA, for Galapagos Corporacion Turistica "Galatours" S.A.

David L. Terzian, Ann K. Donohue, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, DC, for Panama Canal Com'n.

Machale Andrew Miller, Iliaura Hands, Miller & Williamson, New Orleans, LA, for Seguros Sucre S.A., CLM F Ltd., Axa Global Risks (UK) Limited, Gan Ins. Co., Ltd., Maritime Ins. Co., Ltd., Trenwick International Ltd., Hannover Ruckversicherungs AG.

Joseph Patrick Tynan, Patrick Edward O'Keefe, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for Astilleros Braswell International, S.A.

Robert Hugh Murphy, Peter Brooks Sloss, Charles V. Wallace, Murphy, Rogers & Sloss, New Orleans, LA, for Smit International Harbour Towage (Panama), Inc.

BARBIER, District Judge.

Before the Court is plaintiff Galapagos Corporacion Turistica "GALATOURS" S.A.'s ("Galatours's") **Motion to Strike Rule 14(c)** Tender of Astilleros Braswell International, S.A. ("Braswell"). Defendant, the Panama Canal Commission ("PCC") opposes the motion. The motion, set for hearing on August 29, 2001, is before the Court on briefs without oral argument. Having considered the record, the memoranda of the parties, and applicable law, the Court finds that the plaintiff's motion should be GRANTED, for the reasons which follow.

### BACKGROUND

This case arose out of the total loss of the GALAPAGOS DISCOVERY, a vessel owned and operated by Galatours. Galatours and Braswell had previously entered into a contract for Braswell to perform engine repairs on the GALAPAGOS DISCOVERY; the repair contract contained a forum-selection clause and a choice of law provision.[1] On October 19, 1999, while the

---

1. Paragraph 10 of the repair contract provides that "[t]he parties hereto, its employees, subcontractors, successors and assigns hereby agree to submit themselves to the exclusive jurisdiction of the Maritime Court of Panama for the resolution of the merits of any and all disputes arising in respect of this contract."

GALAPAGOS DISCOVERY was docked at a pier in Panama awaiting completion of its engine repairs, a fire broke out in the engine room area of the vessel. The PCC's fire-fighting units responded ten minutes after they were notified. However, the fire ultimately destroyed the entire ship.

On October 16, 2000, Galatours filed a claim against Braswell in the Maritime Court of Panama, pursuant to their contractual agreement to litigate all claims in that court.[2] Less than two weeks later, on October 27, 2000, Galatours brought suit against PCC in this Court. Galatours alleges that PCC's fire-fighting units negligently fought the fire, resulting in the total loss of the vessel.

On January 9, 2001, PCC filed its Answer, Defenses, Counterclaim, and Third–Party Complaints against Braswell and Smit International Harbour Towage (Panama), Inc.[3] PCC alleges that Braswell negligently caused the fire and its resulting destruction of the GALAPAGOS DISCOVERY.

Galatours has filed the instant motion seeking to strike PCC's 14(c) tender of Braswell.

### ARGUMENTS OF THE PARTIES

Plaintiff Galatours argues that this Court should strike the 14(c) tender of Braswell as a third-party defendant because once a defendant successfully impleads a third-party defendant under Rule 14(c), the action must proceed as if the plaintiff had initiated the suit against the original defendant as well as the third-party defendant. In other words, if PCC successfully impleaded Braswell here, this case would proceed as if Galatours had originally filed suit against Braswell. Galatours claims, however, that it could not have brought suit against Braswell in this Court because of the binding forum-selection clause, requiring the two parties to litigate in Panama.

Because there is little precedent on point, Galatours analogizes to cases in which courts have struck the 14(c) tender of third-party defendants because of binding arbitration agreements between the tendered third-party defendant and the plaintiff. To bolster its analogy, Galatours claims that arbitration agreements are one type of forum-selection clause. Because courts routinely strike 14(c) tender in cases where arbitration is pending between a third-party defendant and the plaintiff, Galatours asks this Court to strike PCC's 14(c) tender of Braswell as Braswell and Galatours have agreed to litigate in another forum.

At the same time, PCC argues that it is not bound by the forum-selection clause to which Braswell and Galatours have agreed because PCC is not a party to that repair contract. Furthermore, PCC argues that the fire itself did not trigger any contractual provisions, as the contract is limited to transactions involving engine repairs. PCC claims that a peripheral repair contract between two parties should not define the terms of litigation for the loss of the GALAPAGOS DISCOVERY; rather, the repair contract should only control disputes as they arise out of issues regarding the repair of the ship.

PCC also argues that Galatours's arbitration analogy is unfounded in law, and

Paragraph 11 provides that "[t]he contract shall be governed by and construed in accordance with the laws of Panama."

**2.** The claim in Panama was still pending when the plaintiff filed the present motion.

**3.** Galatours only opposes the 14(c) tender of Braswell in its motion.

Galatours is unable to support its position with any valid precedent. Rather, PCC argues, Galatours is attempting to bifurcate the case of a single injury into two suits: one against the alleged fire-starters (Braswell) and one against the allegedly negligent fire-fighters (PCC). PCC also claims that the underlying purpose and policies of Rule 14(c) support its tender of Braswell.

## DISCUSSION

Rule 14(c) of the Federal Rules of Civil Procedure allows a defendant in an admiralty or maritime action to implead a third-party defendant who may be liable to either the plaintiff or the defendant/third-party plaintiff. Rule 14(c) provides:

> When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or person who asserts a right under Supplemental Rule C(6)(b)(i), as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

Fed.R.Civ.P. 14(c). While 14(c) governs this motion, there is a notable lack of precedent discussing the impact of forum-selection clauses on the tender of third-party defendants under 14(c). Consequently, this Court, in deciding whether to grant Galatours's motion, must determine a) whether a suit for the fire damage triggered the forum-selection clause in the repair contract between Braswell and Galatours, b) whether the forum-selection clause is valid, and c) how the forum-selection clause affects PCC's ability to tender Braswell under 14(c), i.e. whether PCC could implead Braswell even if Galatours could not bring suit against Braswell because of their forum-selection agreement.

### Does a suit in tort trigger the forum-selection clause of a repair contract?

■ A contract between two parties containing a forum selection clause determines where a plaintiff may bring suit for a claim arising **either** under the contract or in tort. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587–588, 111 S.Ct. 1522, 1524, 113 L.Ed.2d 622 (1991) (holding that a forum-selection clause on a cruise line ticket applied in a personal injury suit, thereby impliedly rejecting the idea that a forum-selection clause in a contract only applied in litigation arising from a breach of that contract); *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221–22 (5th Cir.1998) (rejecting the plaintiff's argument that a forum-selection clause in an employment contract only applied to suits arising from the contract and not a tort cause of action).

In other words, courts reject the distinction between a suit in tort or for breach of contract for the purpose of circumventing a forum-selection clause in a binding contract between two parties.

### The validity of forum-selection clauses

■ The Supreme Court has held that "courts sitting in admiralty" should follow the rule that forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under

the circumstances."[4] *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 11, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). The Fifth Circuit and the Eastern District of Louisiana follow this rule. *See, e.g. Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir.1998); *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 35 (5th Cir.1997); *Francisco v. M/T STOLT ACHIEVEMENT*, No. Civ. A. 00–3532, 2001 WL 290172,*6 (E.D.La., Mar. 23, 2001); *Rodriguez v. Class Travel Worldwide, L.L.C.*, No. Civ. A. 99–1706, 2000 WL 222165,*2 (E.D.La., Feb. 18, 2000).

***Can a defendant implead a third-party defendant if the plaintiff could not have commenced its suit against the tendered defendant?***

Under Rule 14(c), if the defendant impleads a third-party defendant, the suit proceeds as if the plaintiff had initiated the suit against both the defendant as well as the third-party defendant.[5] In *Cargill Fer-*

*rous Int'l v. M/V EMMA OLDENDORFF*, No. Civ. A. 00–0247, 2001 WL 179924,*1 (E.D.La., Feb. 20, 2001), the defendant tendered Metall as a third-party defendant in the litigation; Metall moved for summary judgment to dismiss the rule 14(c) tender as the defendant had not filed it within the one-year statute of limitations. *See id.* The court framed the issue in terms of whether the *plaintiff* could have brought suit against Metall after the one-year statute of limitations had expired. *See id.* The court analyzed the issue under Rule 15(c), which governs the addition of a defendant via amending the original complaint.[6] Ultimately, the court held that the statute of limitations had run and because the plaintiff could not bring suit against Metall, neither could the defendant. *See id.* at *2.

Similarly, in cases involving arbitration agreements between the tendered third-party defendant and the plaintiff, courts have not allowed the defendant to circumvent those agreements by impleading the third-party defendant under 14(c).[7] *Texa-*

---

**4.** The Supreme Court recognizes that a forum-selection clause does not "oust" a district court of its jurisdiction. *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972). Rather, this Court has jurisdiction to entertain whether to effectuate the contractual provision. *See id.* If parties before the court have entered into a contract with a forum-selection clause, the court may dismiss the case for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. *See Castillo Flores v. Harbor Shipping and Trading Co., S.A.*, No. Civ. A. 01–00738, 2001 WL 740509, *2 (E.D. La., June 29, 2001) (noting that while the question arises as to whether a party should bring a motion to dismiss under 12(b)(1), (3), or (6) in order to give effect to a forum-selection clause, the trend in the Fifth Circuit is to grant the motion under 12(b)(3)); *see also Nissho Iwai American Corp. v. M/V KYVERNITIS*, No. Civ. A. 96–02241, 1998 WL 2853, *1 (E.D.La., Jan. 5, 1998).

**5.** Under 14(c), the third-party defendant can use any defenses available to it under Rule 12, including a motion to dismiss for improper

venue, against either the plaintiff or the defendant.

**6.** Furthermore, Metall asked the court to dismiss or stay the proceedings regarding indemnification of the defendant pending the results of arbitration between itself and the defendant. *See Cargill Ferrous Int'l*, 2001 WL 179924, at *3. The court recognized that while it would be more efficient to litigate all related matters in one suit, it upheld the preference to enforce arbitration agreements and therefore dismissed the defendant's third-party complaint against Metall. *See id.*

**7.** The Supreme Court has held that an arbitration clause is one type of forum-selection clause. *See Scherk v. Alberto–Culver*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (upholding an arbitration agreement because it is effectively a type of forum-selection clause); *see also Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 36 (5th Cir.1997) (citing *Scherk* for authority to hold that an arbitration clause is one type of forum-selection clause).

co v. *AmClyde Engineered Prod. Co.*, 243 F.3d 906, 908 (5th Cir.2001). In *Texaco*, the Fifth Circuit reversed a decision by the trial court which denied a plaintiff's motion to stay proceedings against a third-party defendant impleaded under Rule 14(c) pending arbitration between the plaintiff and the third-party defendant. *See id.* at 908. Because the plaintiff and tendered third-party defendant had agreed to arbitrate, the defendant could not side-step their agreement and hale into court the potential third-party defendant under 14(c).

■ The Court must consider whether the plaintiff could have initially brought suit against the tendered third-party defendant along with the original defendant. If the plaintiff were in some way precluded from bringing suit against the tendered third-party defendant in the original action, the original defendant cannot circumvent the plaintiff's inability to include the tendered party in the present litigation.

While these decisions lend guidance in the matter at hand, ultimately this Court determines in its discretion whether a defendant may implead a third-party defendant. *McDonough Marine Service v. Royal Ins. Co.*, No. Civ. A. 00–03134, 2001 WL 576190,*4 (E.D.La., May 25, 2001) (citing *Cargill, Inc. v. Compagnie Generale Transatlantique*, 235 F.2d 240, 242 (5th Cir. 1956)).

### APPLICATION OF LAW TO FACTS OF CASE

It is undisputed that any suit brought by Galatours against Braswell was required to be filed in the Maritime Court of Panama pursuant to those parties' forum-selection agreement. The forum-selection clause in the repair contract not only determines where the two must resolve any disputes arising out of the terms of the contract, but it is broad enough to also control the forum in which the two must litigate any disputes arising out of their relationship, which the contract memorializes. In fact, paragraph four of the contract contemplates liability for damages caused by Braswell's negligence. The tortious nature of this action does not diminish the applicability of the forum-selection clause.

Because of the presumption of validity of forum-selection clauses, especially in maritime cases, this Court will not set aside this clause. *See M/S BREMEN v. Zapata Off–Shore Co.*, 407 U.S. 1, 11, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Furthermore, neither party has challenged the validity of the forum-selection clause; in fact, both have submitted to it. This Court will not *sua sponte* frustrate the bargained-for agreement of two parties.

■ The forum-selection clause mandates that Braswell and Galatours litigate their claims in the Maritime Court of Panama. Unless Galatours successfully challenged the forum-selection clause, it could not have sued both PCC and Braswell in the instant action. Because Galatours cannot hale Braswell into this Court, PCC cannot tender Braswell as a third-party defendant under 14(c) because that rule requires that the litigation proceed "as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff." If the plaintiff had commenced litigation against Braswell, this Court would have granted a motion from Braswell to dismiss for improper venue.

### CONCLUSION

While Rule 14(c) allows defendants to implead potentially liable third-party defendants in admiralty cases, it does not allow defendants to negate the previously bargained-for agreements between the tendered third-party defendant and the plaintiff. Forum-selection clauses afford parties a higher-degree of predictability in

their transactions and attempt to prevent pre-trial arguments over where to litigate. Plaintiff has shown that it could not have initiated this action with Braswell as a defendant. Rule 14(c) requires that the litigation proceed as if the plaintiff had originally brought suit against the impleaded third-party defendant. In this case, the litigation would not have proceeded with Braswell as an original defendant because of the forum-selection clause between it and Galatours. Accordingly;

**IT IS ORDERED** that plaintiff's Motion to Strike Rule 14(c) Tender (Rec.Doc. 25) should be and is hereby **GRANTED,** and the Rule 14(c) Tender of Braswell is **STRICKEN.**[8]

---

8. By this ruling the Court does not strike the third-party complaint as a third-party complaint, since nothing prevents PCC from suing Braswell. While the Court recognizes that this may not be the most efficient way to resolve the dispute(s) between these three parties, the approach is required by applicable law.