**VOGT–NEM, INC., Plaintiff,**

v.

**M/V TRAMPER, West African Shipping Company, N.V., Defendant.**

v.

**VW GLOBAL OVERSEAS B.V.**

No. C02–0819.

United States District Court, N.D. California.

Dec. 5, 2002.

George Nowell, James M. Davis, Paul B. Arenas, Law Offices of George W. Nowell, San Francisco, CA, for Plaintiff.

Lynn L. Krieger, Gregory W. Poulos, Cox, Wootton, Griffin, Hansen & Poulos, San Francisco, for Defendant.

Cheryl A. Morris, Edmard, Danoff, Port & Tamulski LLP, San Francisco, CA, Edward C. Radzik, Donovan Parry McDermott & Radzik, New York City, James Tamulski, Emard Danoff Port & Tamulski LLP, San Francisco, CA, for Third Party–Defendant.

## MEMORANDUM AND ORDER

PATEL, Chief Judge.

Plaintiff VOGT–NEM, INC brings this action against defendant WEST AFRICAN SHIPPING COMPANY, N.V., owner and operator of the vessel the TRAMPER, for damages sustained to plaintiff's cargo while being shipped aboard the TRAMPER. Defendant filed a third-party complaint attempting to implead VW GLOBAL OVERSEAS B.V. ("VWG") pursuant to Federal Rule of Civil Procedure 14(c). Now before the court is VWG's motion to dismiss the third-party complaint for improper venue and lack of jurisdiction. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

### BACKGROUND

Plaintiff contracted with third-party defendant VWG for the shipment of power plant components from Korea to Stockton, California. Mot. to Dis. at 2:18. VWG acted as a "freight forwarder" for plaintiff and contracted with defendant WEST AFRICAN SHIPPING COMPANY, N.V., owner of the TRAMPER, to ship the components aboard defendant's vessel. Id. at 2:20–22. En route from Korea, the TRAMPER encountered rough weather, causing the components to shift in stow and become damaged. Id. at 3:10. Plaintiff surveyed the damaged components when the vessel arrived at Stockton. Id. at 3:16–17. Plaintiff claims damages in the amount of $4,700,000.00. Compl. at 5:14.

On February 15, 2002, plaintiff filed its complaint against the TRAMPER in rem and its owner. From February 21, 2002 until February 26, 2002, plaintiff and defendant conducted depositions of the TRAMPER's crew in Stockton. Mot. to

Dismiss at 3:25–27. On March 20, 2002, defendant filed a third-party complaint impleading VWG pursuant to Federal Rule of Civil Procedure 14(c). Id. at 3:28. Defendant alleges VWG violated the terms of a contract between plaintiff and VWG, the so-called "frame contract," thereby causing damage to plaintiff's components. Third–Party Compl. ¶ 4. VWG now moves for dismissal on the grounds of improper venue and lack of personal jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 56. The basis for the motion is the forum selection clause in the frame contract. The clause provides:

> 1) This Agreement and any disputes arising out of this will be governed by Dutch Law. For transports done by [VWG] on behalf of [plaintiff] in the USA the UCC will apply . . .

> 2) Any disputes between [plaintiff] and [VWG] will be settled first amicably, but in case of disagreement it will be submitted to the competent court in Rotterdam.

Van Wingerden Decl., Exh. 1 § 14.0.[1]

Accordingly, VWG contends that this action should be addressed in Rotterdam, rather than this court. Each of the companies involved in this action are Netherlands corporations. There is also an enforceable forum selection in the "contract of carriage," made between defendant and VWG which calls for resolution of the dispute in Amsterdam.

### LEGAL STANDARD

■ A motion to dismiss premised on the enforcement of a forum selection clause should be treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *Kukje Hwajae Ins. Co., Ltd. v. M/V HYUNDAI*

---

1. VWG also argues that the complaint should be dismissed because this court lacks personal jurisdiction over VWG. Since the court concludes that the forum selection clause is binding and enforceable, it need not reach this issue.

*LIBERTY,* 294 F.3d 1171 (9th Cir.2002)(citing *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996)). Accordingly, unlike an analysis under Rule 12(b)(6), the pleadings need not be accepted as true, and facts outside the pleadings may be considered by the district court. *Id.*

## DISCUSSION

■ VWG claims that defendant's third-party complaint should be dismissed pursuant to Federal Rule of Civil Procedure 14(c) because the forum-selection clause in the contract between plaintiff and VWG requires resolution of this dispute in Rotterdam. Rule 14(c) governs third-party practice in admiralty and maritime cases. *Royal Ins. Co. of Am. v. Southwest Marine* 194 F.3d 1009, 1017 (9th Cir.1999). When a defendant impleads a third-party defendant pursuant to Rule 14(c), the action proceeds "as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff." Fed. R. Civ. Pro. 14(c). As such, the third-party defendant must respond directly to plaintiff's claims. *Id.* Rule 14(c) thus creates a "direct relationship" between the plaintiff and the third-party defendant.[2] *Southwest Marine,* 194 F.3d at 1018. Since the action proceeds as if plaintiff had initiated suit against the third-party defendant as well as the original defendant, if Vogt–Nem, Inc., could not have filed its claim against VWG in this forum, the third-party complaint must be dismissed. *See Galapagos Corporation Turistica "Galatours", S.A. v. Panama Canal Comm'n,* 171 F.Supp.2d 638, 643–644 (E.D.La.2001) (dismissing third-party complaint because of forum-selection clause between plaintiff and third-party defendant).

■ Interpretation and enforcement of contractual forum-selection clauses are procedural issues to be decided under federal law. *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996); *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 590, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622 (1991). A forum selection clause is presumptively valid and should not be set aside unless the opposing party shows that it is invalid for such reasons as fraud or overreaching, that enforcement would contravene a strong public policy of the forum in which the action is brought, or that enforcement would be unreasonable and unjust. *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 497 (9th Cir. 2000) (rule set forth in *Bremen* controls consideration of a motion to dismiss for improper venue based upon a forum selection clause). The party resisting enforcement must show that litigation in the selected forum "will be so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of [its] day in court." *Bremen* at 18, 92 S.Ct. 1907. The resisting party bears a "heavy burden of proof" in attempting to have the clause set aside on the grounds of inconvenience. *Carnival Cruise Lines,* 499 U.S. at 595, 111 S.Ct. at 1523 (quoting *Bremen,* 407 U.S. at 17, 92 S.Ct. 1907, 32 L.Ed.2d 513).

Plaintiff and defendant both filed oppositions to VWG's motion to dismiss. Plaintiff argues that the forum selection clause is not binding because: 1) it does not use mandatory language; 2) the clause has an unfulfilled condition precedent, namely, that the parties engage in settlement discussions; 3) the choice of law clause is not

---

**2.** This procedure is to be distinguished from that under Rule 14(a), which does not automatically establish a direct relationship between plaintiff and third-party defendant upon the assertion of a third-party demand. *See generally,* 6 Wright & Miller, *Federal Practice and Procedure,* § 1465 at 342 (1971).

exclusive; and 4) enforcement of the forum selection clause would deprive plaintiff of its day in court. Defendant argues that granting the motion will render Rule 14(c) pointless because it will prevent defendant from impleading VWG, thereby vitiating its ability to seek contribution from VWG for plaintiff's claims. Therefore, defendant argues, strong public policy considerations demand that the motion not be granted.

The court addresses these arguments in turn.

## I. *Enforceability of the Forum–Selection Clause*

### A. *Mandatory Language*

■ Plaintiff argues that the language in the forum selection clause in the frame contract is "permissive, rather than mandatory," and therefore not binding. Pl.'s Opp'n at 4:13–14. The clause states that: "[a]ny dispute between [plaintiff] and [VWG] will be settled first amicably, but in case of disagreement . . . will be submitted to the competent court in Rotterdam." Van Wingerden Decl., Exh. 1 § 14.0. Plaintiff claims that the clause is unenforceable because it lacks the requisite "terms of mandate," Pl.'s Opp'n at 3:16–18, such as "shall," "must" and "only." *Id.* at 22. Plaintiff thus suggests that there is a legally cognizable distinction between the phrases "*will* be submitted to the competent court in Rotterdam" and "*shall* be submitted to the competent court in Rotterdam." Plaintiff cites no cases to support the proposition that "shall" is more mandatory than "will."

Plaintiff's reliance on *Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762 (9th Cir.1989), is misplaced. The forum selection clause in that case, which was held to be enforceable, stated: "Venue of any action brought hereunder *shall* be deemed to be in Gloucester County, Virginia." *Id.* at 763 (emphasis added). The forum-selec-

tion clause in the frame contract states: "Any disputes . . . *will* be submitted to the competent court in Rotterdam." Van Wingerden Decl., Exh. 1 § 14.0 (emphasis added). These clauses are analogous. *See Terra Intern., Inc. v. Mississippi Chemical Corp.,* 922 F.Supp. 1334, 1373 (N.D.Iowa 1996) ("will" as used in forum selection clause is not permissive; immaterial that parties did not use "shall" or "must," or "only" or "exclusively"); *see also Collier Cobb & Assoc., Inc. v. Leak,* 61 N.C.App. 249, 253, 300 S.E.2d 583 (1983) (recognizing that "shall" "will," and "must" are all mandatory terms); *cf. Hewitt v. Helms,* 459 U.S. 460, 471–72, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (finding liberty interests are created by statutes or regulations containing "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must,' be employed . . . ."). Moreover, the court in *Docksider* emphasized that the disputed clause explicitly designated the forum in which disputes would be brought. *Id.* at 764 (providing for jurisdiction in Gloucester County, Virginia). The clause in this action specifies the court where disputes will be submitted. Accordingly, the language of the instant forum-selection clause is mandatory and thus enforceable.

### B. *Choice of Law*

■ Plaintiff argues that the exclusivity of the forum-selection clause in the frame contract is undermined by its simultaneous recognition of Dutch and American Law. Van Wingerden Decl., Exh. 1 § 14 (providing that "any dispute arising out of [this contract] will be governed by Dutch law," and that for "[t]ransports done by [VWG] on behalf of [plaintiff] in the USA the UCC will apply"). Plaintiff does not explain how this dual recognition "undermines any exclusivity or mandate." Pl.'s Opp. At 5:6–7. Nor does plaintiff cite any cases supporting this argument. The court holds that the fact that the contract speci-

fies two types of law to govern two different types of disputes that may arise under the contract does not undermine the mandatory nature of the forum-selection clause.

### C. *Condition Precedent*

██ Plaintiff argues that attempts at a settlement are a condition precedent to resolution by the Rotterdam court. (*See* Pl's Opp'n at 2:19–23, citing Van Wingerden Decl., Exh. 1 § 14.0, providing that "any dispute ... *will be settled first amicably,* but in case of disagreement it will be submitted to the competent court in Rotterdam" (emphasis added)). Plaintiff's counsel allegedly attempted to discuss settlement with VWG, but was told by VWG's counsel that it did not have the authority from VWG to engage in such discussions. *See* Krauzlis Decl. ¶ 4. Plaintiff argues that this refusal to settle invalidates the forum selection-clause.

██ Conditions precedent are not favored. The court will not construe contract terms as conditions unless required to do so by "plain, unambiguous language." *Southland Corp. v. Emerald Oil Co.,* 789 F.2d 1441, 1444 (9th Cir.1986). Although the disputed clause could have been drafted more clearly, there is no "plain, unambiguous language" indicating that attempted settlement is a condition precedent to resolution in a Dutch Court. Nor does the clause contain terms usually associated with conditions precedent, such as "if," "on condition that" or "provided." J. Calamari, *Contracts* § 142 (1970); *In re Comprehensive Bus. Sys., Inc.,* 119 B.R. 573, 580 (Bkrtcy.S.D.Ohio 1990). Accordingly, the court holds that settlement negotiations are not a condition precedent to submission of this dispute to the court in Rotterdam.

██ Even if attempts at settlement were a condition precedent, plaintiff's argument would be unavailing. VWG avers that *plaintiff* refused to settle prior to litigation. VWG's Reply at 3:14. Thus both parties claim that the other refuses to settle. This clearly constitutes the "disagreement" contemplated by the clause, *see* Van Wingerden Decl., Exh. 1 § 14.0 (mandating resolution in Rotterdam court "in case of disagreement"). Therefore, even assuming *arguendo* that attempts at settlement are a condition precedent, the forum-selection clause has been triggered.

Finally, if plaintiff believes that the contract contains a valid, enforceable settlement clause, plaintiff should attempt to enforce that clause rather than proceed with the instant action. Plaintiff's counsel claim that it did not file suit against VWG because, among other reasons, it was "very mindful of the ... dispute resolution clause *requiring* both parties to attempt an amicable resolution prior to initiating legal proceedings." Krauzlis Decl. ¶ 2 (emphasis added). Plaintiff's position is inconsistent and self-serving: on the one hand it argues that the forum-selection clause "simply expresses [the parties'] preferences for dispute resolution," Pl.'s Opp. At 5:6–7. On the other hand, plaintiff argues that the clause *requires* an attempt at settlement. Plaintiff cannot have it both ways. The settlement "preference" is not a condition precedent to enforcement of the forum selection clause.

### D. *Plaintiff's Day in Court*

██ Plaintiff claims that enforcement of the forum selection clause would "seriously inconvenience all parties (especially as to expense)" and that it would require litigation of the issue in three separate courts[3], effectively depriving plain-

---

**3.** The forum selection clause in the frame contract calls for disputes to be settled by the court in Rotterdam, while the contract of

carriage calls for disputes to be settled by the

tiff of its day in court. A forum-selection clause should be enforced unless the resisting party can show that "trial in the contractual forum will be so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of [its] day in court." *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907. The party challenging a forum-selection clause bears the "heavy burden" of establishing that enforcement of the clause would seriously inconvenience the parties. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir.2000); *Carnival Cruise Lines*, 499 U.S. at 595, 111 S.Ct. 1522, 113 L.Ed.2d 622.

Plaintiff has not met this burden as it offers no evidence to support its assertion of hardship. Moreover, *In re Rationis Enterprises, Inc. of Panama*, 1999 WL 6364, *3 (S.D.N.Y.1999), cited by plaintiff, is inapposite. In that action, the Southern District of New York concluded that giving effect to the various forum selection clauses would "fragment [the] case beyond recognition." Notably, *Rationis* involved hundreds of plaintiffs, scattered across the globe, many of whom presumably had inconsistent forum-selection clauses in their separate contracts with the defendant. *Id.* The instant action involves a single plaintiff and, at most, three fora. While admittedly inconvenient, litigation of this dispute in three fora would hardly "fragment [the] case beyond recognition."

 Additionally, the expense of presenting a maritime claim in a remote forum is not a manifest injustice. *See Lien Ho Hsing Steel Enter. Co. v. Weihtag*, 738 F.2d 1455, 1462 (9th Cir.1984) (concluding that it was not unreasonable to enforce a forum-selection clause even though the plaintiff would be required to present a

marine insurance claim in Rotterdam, six-thousand miles from the witnesses); *see also Intermetals Corp. v. Hanover Intern. Aktiengesellschaft Fur Industrieversicherungen*, 188 F.Supp.2d 454, 459 (D.N.J. 2001) (enforcing Austria forum-selection clause despite fact that witnesses and evidence were located in the United States). Moreover, it is common to prosecute international admiralty claims by deposition. *Bremen*, 407 U.S. at 19, 92 S.Ct. 1907, 32 L.Ed.2d 513. The court likewise finds that it would not be so inconvenient as to be "unreasonable and unjust" for plaintiff to submit its claims to the court in Rotterdam.

Plaintiff clearly contemplated the possibility of legal proceedings between itself and VWG. *See* Krauzlis Decl. ¶ 2 (stating that plaintiff did not file suit against VWG because of an alleged arbitration agreement). Had it initiated proceedings against VWG, it would have had to abide by the forum selection clause and submit its claims to the court in Rotterdam. Plaintiff cannot now sidestep that contractual commitment simply because defendant filed a Rule 14(c) motion.[4]

## II. *Forum Non Conveniens*

 At the hearing on this motion the court raised with plaintiff and defendant the issue of the forum selection clause in the contract between them and gave them the opportunity to address why this court should not dismiss the action in its entirety on forum non conveniens grounds. 28 U.S.C. § 1404(a) (codifying the long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of forum non conveniens). See also

---

court in Amsterdam. *See* Van Wingerden Decl., Exhs. 1 § 14.0. & 2 at 5.

4. While the court would not insinuate collusion by plaintiff and defendant on the issue of

forum selection, the court does find it odd that plaintiff did not bring an action itself against VWG.

*Hite v. Norwegian Caribbean Lines,* 551 F.Supp. 390, 393 (E.D.Mich.1982); *Starnes v. McGuire,* 512 F.2d 918, 934 (D.C.Cir. 1974); As noted above, this forum selection clause calls for resolution of the matter in the Netherlands, applying the law of the Netherlands. While both plaintiff and defendant indicated a willingness to waive the forum-selection clause, since both plaintiff and defendant have claims against the third-party which can be resolved in the Netherlands, the court *sua sponte* finds that plaintiff's claims against defendant should be dismissed on forum non conveniens so that the entire action may be resolved in the Netherlands, as the contracts between all three parties provide. *See* Van Wingerden Decl., Exh. 1 § 14.0 (frame contract providing for resolution in Rotterdam); Exh. 2 at 5 (contract of carriage and bill of lading providing for resolution in Amsterdam). Where a choice of forum was made in arm's-length negotiations by experienced and sophisticated businessmen, "absent some compelling and countervailing reason, the forum selection clause should be honored by the parties and enforced by the courts." *Bremen,* 407 U.S. at 12, 92 S.Ct. 1907. Plaintiff and defendant, offering no evidence that they cannot afford or will be otherwise unable to litigate their disputes if the clause is enforced, have not met this burden.

*CONCLUSION*

For the foregoing reasons, the court hereby GRANTS third-party defendant VW Global's motion to dismiss for improper venue under Rule 12(b)(3). The court also *sua sponte* DISMISSES plaintiff's claims against defendant Tramper on forum non conveniens grounds.

IT IS SO ORDERED.